## MEAGHER *v.* MINNESOTA THRESHER MANUFAC- TURING COMPANY.

ERROR TO THE ·SUPREME COURT OF THE STATE OF MINNESOTA.

No. 1545. Submitted May 2, 1892. — Decided May 16, 1892.

A judgment of the Supreme Court of the State of Minnesota overruling a demurrer interposed by one of many defendants, and remanding the case to the trial court for further proceedings, is not a final judgment which can be reviewed by this court.

MOTION TO DISMISS. The case is stated in the opinion.

*Mr. Cushman K. Davis* and *Mr. Frank W. M. Cutcheon* for the motion.

*Mr. Horace G. Stone* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

One McKusick recovered judgment in the District Court of Washington County, Minnesota, against the corporation of Seymour, Sabin & Co., and in aid of execution brought an action praying for a sequestration of the stock, property, things in action and effects of the corporation, and the appointment of a receiver to take charge thereof and carry on its business until sale or other disposition. A receiver was accordingly appointed, qualified and entered upon the administration of the ·company's affairs and effects. An order was entered by the court requiring the creditors of the corporation to exhibit their claims in the action, which was done, among others, by the Minnesota Thresher Manufacturing Company to a very large

amount. Subsequently the latter company filed an intervening petition or complaint in the general winding-up action, setting forth the names of some sixty shareholders of the Seymour-Sabin corporation, and the amounts of their holdings of stock, and praying that the court make those named, and all other persons who might subsequently be found to be shareholders, parties to the action; require them to answer the petition; and enforce the liability in respect of stock held by them which the petition claimed the constitution of the State imposed. It was also prayed that the court determine the amount of the assets of the Seymour-Sabin Company available for the satisfaction of the claims of creditors; the amount of its indebtedness; the number of shares of its capital outstanding between July 5, 1881, and May 10, 1884, during which time the indebtedness represented by the claims filed was incurred; the names of the various holders of stock between those dates; what shareholders were insolvent; what non-resident; what persons were entitled to share in the assets and to what extent; and the amount of any other indebtedness on the part of any of the defendants to the Seymour-Sabin Company.

The District Court made an order impleading the parties named as defendants in the action, and requiring them to enter their appearance and answer within a time limited. Among the numerous persons thus made defendants, the plaintiffs in error in this case were included, and they demurred to the intervening petition or supplemental complaint upon the ground, among others, that the facts stated were not sufficient to constitute a cause of action. The petition charged that defendants were liable upon their stock to the extent of a sum equal to the par value thereof for the debts of the Seymour-Sabin corporation under section 3, article 10 of the constitution of Minnesota, which provided: "Each stockholder in any corporation (excepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business) shall be liable to the amount of stock held or owned by him."

The demurring defendants contended that this was a mere direction to the legislature of the State to impose such a liability and was not self-executing.

The demurrers of plaintiffs in error and of other defendants were sent by order of the District Court to a referee to hear and determine, and make, report and file such order as might be proper. Consent by stipulation was given to the making and entry of this order, subject to the right, thereby reserved, "of either party to move, amend, plead over or appeal, as he or they shall be advised after notice of the order determining said issues: Provided, however, that this stipulation shall not be construed to be or operate as the waiver of any rights of any party or parties thereto or of any objection to the jurisdiction of said court which said party or parties now has or might now urge;" and this stipulation was signed by the attorneys for upwards of sixty defendants.

The demurrers were overruled with leave to answer over within twenty days from the entry of the order, and the present plaintiffs in error took an appeal to the Supreme Court of Minnesota. That court held that the constitutional provision was self-executing and created an individual liability on the part of the stockholder for corporate debts to an amount equal to the amount of stock held or owned by him, and affirmed the order of the District Court. Thereupon the writ of error from this court was sued out.

We are of opinion that the judgment of the Supreme Court of Minnesota was not a final judgment within section 709 of the Revised Statutes. It is a judgment affirming with costs an order which overruled a demurrer. Rule XVIII of the Supreme Court of Minnesota provides: "Upon the reversal, affirmance, or modification of any order or judgment of the District Courts by this court there will be a *remittitur* to the District Court, unless otherwise ordered." 12 Minn. XIV; Manual of Practice, 1872, Rule XVIII. The plaintiffs in error upon the return of the case to the District Court could plead over, as the order below allowing time for so doing had, before its expiration, been superseded by the appeal. Moreover, the record discloses that in this instance the parties, in view of taking the appeal, expressly stipulated "that after the decision on said appeal by said Supreme Court any of said defendants may answer in the court below if they see fit to do so, and

may, after said decision on appeal, take any action in said lower court which they might take at the present time."

It will be observed that plaintiffs in error are only a portion of the defendants who were proceeded against by the intervening petition, and what has become of the others does not appear. The case should have been determined as to all, before our interposition, if justifiable in any view, could be invoked.

Under the complaint, accountings must be had and proofs taken as to the amount of the proceeds of the insolvent corporation's estate; the rights of claimants therein; the liability of directors and shareholders, if any, upon other accounts, etc., and the amount to be paid by each shareholder must be decreed. If this were a decree of the Circuit Court, it would come within the rule that to be final the court below should have nothing to do but to execute it if affirmed. *Keystone Iron Co.* v. *Martin*, 132 U. S. 91. And as a judgment of reversal by a state court with leave for further proceedings in the court of original jurisdiction is not subject to review here, *Bostwick* v. *Brinkerhoff*, 106 U. S. 3; *Rice* v. *Sanger*, 144 U. S. 197, this is also true of a judgment merely affirming an interlocutory order, however apparently decisive of the merits.

*Writ of error dismissed.*