## WERNER v. CHARLESTON.

ERROR TO THE SUPREME COURT OF THE STATE OF SOUTH CAROLINA.

No. 941. Submitted January 15, 1894. — Decided January 22, 1894.

This case is dismissed on the authority of *Meagher* v. *Minnesota Thresher Mfg. Co.*, 145 U. S. 608, (and other cases named in the opinion,) in which it was held that a judgment of the highest court of a State, overruling a demurrer, and remanding the case to the trial court for further proceedings, is not a final judgment.

MOTION TO DISMISS. The motion stated that "the judgment brought here by writ of error for review, is a judgment of the Supreme Court of the State of South Carolina, which simply affirmed a decision of the lower court overruling a demurrer, and thereby remanded the case to the court below for a hearing on the merits. It is therefore an interlocutory judgment and is in no sense a final decree."

To this the plaintiff in error replied: "The judgment brought here by writ of error for review is the judgment of the Supreme Court of the State of South Carolina holding that a certain act of the General Assembly of the State of South Carolina, entitled 'An act to authorize the City Council of Charleston to fill up low lots and grounds in the city of Charleston in certain cases and for other purposes,' approved on the 18th of December, 1830, is not in violation of the Constitution of the United States, thereby affirming the judgment of the trial court and so ending the constitutional defence interposed by the plaintiff in error.

"An examination of the record will show that the main ground of the demurrer interposed in the court below by the plaintiff in error was the unconstitutionality of the act of 1830. It was claimed both there and in the court above, as well as in this court, to be in violation of due process of law."

*Mr. Charles Inglesby* for the motion.

*Mr. T. Moultrie Mordecai* opposing.

THE CHIEF JUSTICE: The writ of error is dismissed. *Meagher* v. *Minnesota Thresher Co.,* 145 U. S. 608; *Rice* v. *Sanger,* 144 U. S. 197; *Hume* v. *Bowie,* 148 U. S. 245.