160 U.S. 374
 16 S.Ct. 318
 40 L.Ed. 461
 UNION MUT. LIFE INS. CO.
v.
KIRCHOFF.
 No. 132.
 January 6, 1896.
 
 This was a bill in equity, originally filed by Elizabeth Kirchoff, June 12, 1882, in the circuit court of Cook county, Ill., against the appellant, to enforce the specific performance of a certain agreement for the conveyance to her of two lots of land in the city of Chicago. The prayer of the bill was subsequently amended by the addition of a clause praying that the plaintiff might be allowed to redeem the premises according to the terms of said agreement.
 The controversy between these parties has been the constant subject of litigation since July, 1878, and in one form or another has been twice to the appellate court of Illinois, and three times to the supreme court of the state. The facts are somewhat complicated, but, so far as necessary to the disposition of this case, may be summarized as follows:
 On May 8, 1871, Julius Kirchoff, being engaged in the distillery business in Chicago. borrowed $60,000 of the Union Mutual Life Insurance Company, and to secure the payment thereof executed, together with his wife. Elizabeth, and her mother, Angela Diversey, a joint judgment note for $60,000, and a trust deed covering certain real estate in Chicago belonging to Kirchoff and his wife, and certain other property, including a farm in Cook county, owned by Mrs. Diversey. The money received from the loan was put in the bank to the credit of the firm of Kirchoff Bros. & Co., which soon after failed.
 In 1876, default having been made in the payment of interest and taxes, judgment was taken against Mrs. Diversey on the note, after certain unsuccessful negotiations towards funding the indebtedness into a new loan at a lower rate of interest, and on July 11, 1878, proceedings were commenced in the circuit court of the United States to foreclose the trust deed. The bill, in addition, sought to cure a misdescription of the property belonging to Mrs. Diversey, who filed an answer, denying the right of the company to cure the misdescription, and averring that the notes and mortgage were procured from her by misrepresentation.
 From this time the relation of the parties seems to have remained unchanged until June, 1879, when an agreement was reached by which the company released to Mrs. Diversey its claim upon 40 acres of the land belonging to her, and she executed to it a warranty deed for the remainder of the premises. About the same time, Mrs. Kirchoff and her husband executed a quitclaim deed of all the property belonging to them, and included in the mortgage. The deed from Mrs. Diversey was immediately placed on record, but the deed from the Kirchoffs was withheld by the agent and attorney of the insurance company.
 It was claimed by Mrs. Kirchoff that during the negotiations which culminated in the execution of the above deeds it was agreed that the insurance company should reconvey to her two lots included in her deed, one of which was then occupied as a homestead, the other cornering upon it, but facing the other way; that the price at which the reconveyance should take place was their valuation at a previous appraisement made by one Rees, viz. $7,500 and $2,500, respectively; and that Mrs. Kirchoff was to execute in payment therefor her notes for $10,000, extending over a period of 10 years, bearing interest at 6 per cent., and secured by a mortgage upon the two lots. It seems there were certain intervening claims on one of the lots, growing out of a sheriff's deed, executed pursuant to a sale on a judgment against Mrs. Kirchoff, rendered subsequently to the original trust deed, but prior to the deed from Kirchoff and wife to the company, which rendered necessary a further prosecution of the foreclosure proceedings, in order that the company might obtain a good title to the premises, so as to convey a clear title to Mrs. Kirchoff, and take from her a mortgage which would be a first lien thereon. It is claimed that this matter was explained to Mr. Kirchoff, her husband and agent, and he was assured that the prosecution of the foreclosure proceedings would not in any manner affect the agreement which had been made, but that, as soon as the company got a deed from the master in chancery, it would carry out its part of the contract by conveying to Mrs. Kirchoff the premises in question, and would then take the mortgage from her. She alleged that, relying upon this agreement, no defense was made to the foreclosure proceedings by her, and the same were prosecuted to a decree, and the master's deed issued thereon to the insurance company January 21, 1882. The object of the bill in this case was to insist upon this right of redemption in accordance with its terms.
 The insurance company, on the other hand, contended that an inspection of the record showed that no such agreement was ever concluded, and that the state court was bound by the decree of the federal court foreclosing the mortgage, and had no jurisdiction to review it. It was not disputed that propositions similar to the so-called 'agreement' were discussed between the Kirchoffs and the agents of the insurance company, or that assurances were given by the latter of the probable willingness of the insurance company to sell the land on the terms named; but it is claimed that when the insurance company was advised of the proposition it was instantly and unequivocally declined, and this action of the company communicated to Mrs. Kirchoff in time to prevent any injury to her from the quitclaim deed; that, after having been thus fully advised, she elected to deliver the deed, and in that manner get the benefit of the release from her indebtedness.
 A demurrer was filed to the bill, which was overruled, when defendant answered, denying the agreement for redemption set forth in the bill, and also setting up the statute of frauds as a defense. The case coming on for a hearing upon pleadings and proofs, the bill was dismissed for want of equity. An appeal was taken to the state supreme court, which was dismissed upon the ground that the case should have gone to the appellate court (128 Ill. 199, 20 N. E. 808), whereupon the complainant sued out a writ of error from the appellate court of the First district of Illinois to the circuit court of Cook county, and upon a hearing in the appellate court the decree of the circuit court was reversed, with directions to enter a decree in accordance with the opinion of the appellate court (33 Ill. App. 607). This opinion was not sent up with record in this case. From the decree of the appellate court the insurance company prosecuted an appeal to the supreme court of the state, which affirmed the decree of the appellate court. 133 Ill. 368, 27 N. E. 91. To reverse that decision this writ of error was sued out.
 Frank L. Wean and E. Parmalee Prentice, for plaintiff in error.
 George R. Daley, for defendant in error.
 Mr. Justice BROWN, after stating the facts in the foregoing language, delivered the opinion of the court.
 
 
 1
 From the briefs of counsel and the reports of the case in Illinois Reports, we are informed that, upon the affirmance by the supreme court of the decree of the appellate court, the case was remanded to the circuit court of Cook county, where an accounting was taken, and a decree entered in accordance with the opinion of the appellate court. From that decree the company is said to have appealed to the appellate court of the First district, which affirmed the decree of the circuit court (51 Ill. App. 67), whereupon the insurance company again appealed to the supreme court of the state, which again affirmed the decision of the appellate court (149 Ill. 536, 36 N. E. 1031). But, as the writ of error from this court was not taken to reverse that decree, but to reverse the first decree of the supreme court, affirming the decree of the appellate court, we are concerned only with the questions arising upon that decree, and more particularly with its finality. It will be observed that it simply affirms the decree of the appellate court, but upon reference to that decree we find that it reverses the decree of the circuit court of Cook county, 'with directions to that court to enter an order and decree in conformity with the opinion filed herein.' As this opinion was not sent up with the record, we have no means of knowing judicially what it was, though we are informed by the briefs of counsel that an accounting was ordered and taken in the circuit court.
 
 
 2
 Obviously, the decree to review which this writ of error was sued out was not a final decree. The finality of decrees is a subject which has been so much discussed in the decisions of this court that it is useless to do more than to cite the cases of Lodge v. Twell, 135 U. S. 232, 10 Sup. Ct. 745, and McGourkey v. Railway Co., 146 U. S. 536, 13 Sup. Ct. 170, wherein most of the prior cases are reviewed.
 
 
 3
 This case is not one for nice distinctions, since the rule is well-nigh universal that, if the case be remanded by the appellate court to the court below for further judicial proceedings in conformity with the opinion of the appellate court, the decree is not final. Especially is this the case when the opinion to which the new decree is required to conform does not appear. Brown v. Baxter, 146 U. S. 619, 13 Sup. Ct. 260; Houston v. Moore, 3 Wheat. 433; Bostwick v. Brinkerhoff, 106 U. S. 3, 1 Sup. Ct. 15; Johnson v. Keith, 117 U. S. 199, 6 Sup. Ct. 669; Rice v. Sanger, 144 U. S. 197, 12 Sup. Ct. 664; Meagher v. Manufacturing Co., 145 U. S. 608, 12 Sup. Ct. 876; Hume v. Bowie, 148 U. S. 245, 13 Sup. Ct. 582; Werner v. City Council of Charleston, 151 U. S. 360, 14 Sup. Ct. 356.
 
 
 4
 The writ of error is therefore dismissed.