MacLEOD et al. v. GRAVEN.

(Circuit Court of Appeals, Sixth Circuit.   March 2, 1897.)

No. 354.

APPEAL—JURISDICTION OF SUPREME COURT.
    A writ of error from the supreme court does not lie, by virtue of the last paragraph of section 6 of the circuit court of appeals act, to review a judgment of the circuit court of appeals which is not a final judgment.

In Error to the Circuit Court of the United States for the District of Kentucky.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

TAFT, Circuit Judge.   In this case a writ of error was sued out to a judgment in favor of Mrs. Graven, administratrix, against Mac-Leod, receiver, rendered by the circuit court below for damages for the wrongful death of plaintiff's intestate.   On April 14, 1896, this court reversed the judgment of the circuit court, and remanded the case, with instructions to award a new trial.   MacLeod v. Graven, 19 C. C. A. 616, 73 Fed. 627.   An application was made to Judge LURTON, as a member of this court, to allow a writ of error to the judgment of this court so as to permit a review thereof by the supreme court of the United States.   The application has been referred by Judge LURTON for the consideration of the whole court. The right to such a writ of error is asserted upon the ground that MacLeod, the defendant in the court below, was a receiver appointed by that court; that the injury complained of was caused by the operation of an electric railroad by him as such receiver; that the suit against him was therefore one arising under the laws of the United States (Railway Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905); that on appeals or writs of error in such suits the judgments of this court are not final; and that, as this case involves more than $1,000, by the express terms of the last paragraph of section 6 of the circuit court of appeals act a review of the case by writ of error from the supreme court is provided.

The application presents the question whether, conceding that a writ of error from the supreme court will lie in this class of cases, it can lie in any case where the judgment of this court is not a final judgment.   It is well settled that a judgment of an appellate court reversing the judgment of the trial court, and remanding the cause for further proceedings, is not a "final judgment," as that term is used in federal appellate procedure.   Insurance Co. v. Kirchoff, 160 U. S. 374, 16 Sup. Ct. 318; Werner v. Charleston, 151 U. S. 360, 14 Sup. Ct. 356; Brown v. Baxter, 146 U. S. 619, 13 Sup. Ct. 260; Meagher v. Manufacturing Co., 145 U. S. 608, 12 Sup. Ct. 876; Rice v. Sanger, 144 U. S. 197, 12 Sup. Ct. 664; Johnson v. Keith, 117 U. S. 199, 6 Sup. Ct. 669; Bostwick v. Brinkerhoff, 106 U. S. 3, 1 Sup. Ct. 15; Houston v. Moore, 3 Wheat. 433.

Section 6 of the court of appeals act (26 Stat. 826) provides that "the circuit courts of appeals established by this act shall exercise appellate jurisdiction to review by appeal or by writ of error final decision in the district court and the existing circuit courts in all cases other than those provided for" in the fifth section. The section then provides that in certain cases the judgment of the courts of appeal shall be final. The section further provides that in "all cases not hereinbefore in this section made final there shall be of right an appeal or writ of error or review of the case by the supreme court of the United States where the matter in controversy shall exceed $1,000 besides costs." The contention is that this language does not require that the judgment of the court of appeals to be reviewed in the supreme court shall be final, as expressly required in section 709, Rev. St., which confers jurisdiction on the supreme court to review judgments of state courts, and under which the cases above cited arose and were decided. The contention cannot be sustained. In McLish v. Roff, 141 U. S. 661, 12 Sup. Ct. 118, it was held that under section 5 of the court of appeals act, which provides that appeals or writs of error may be taken from the district courts or from the existing circuit courts direct to the supreme court in any case in which the jurisdiction of the court is in issue, and that in such cases the question of jurisdiction shall be certified for decision, the supreme court had no jurisdiction to review the question until the case had proceeded to final judgment. Said Mr. Justice Lamar, speaking for the supreme court:

"It is manifest that the words in section 5, 'appeals or writs of error,' must be understood within the meaning of those terms as used in all prior acts of congress relating to the appellate powers of this court and in the long-standing rules of practice and procedure in the federal courts. Taken in that sense, those terms mean the proceedings by which a cause in which there has been a final judgment is removed from a court below to an appellate court for review, reversal, or affirmance."

If such is the construction to be put on these words when used in the fifth section, certainly the same words, when used in the sixth section in pari materia, are to receive the same interpretation. The application for the writ of error must be denied.