## CLARK *v.* KANSAS CITY.

ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 402. Argued December 13, 1898. — Decided January 3, 1899.

As the laws of Kansas permit an amendment of the plaintiffs' pleadings in
the court below after the overruling by the Supreme Court of a demurrer
to them, and as the Supreme Court of the State, *in deciding this case,*
did not take that right away, it follows that the judgment of the state
court was not final, and that this case must be dismissed for want of
jurisdiction.

THE case is stated in the opinion.

*Mr. A. L. Williams* for plaintiffs in error. *Mr. Winslow S.
Pierce* and *Mr. N. H. Loomis* were with him on the brief.

*Mr. F. D. Hutchings* and *Mr. Thomas A. Pollock* for
defendants in error.

MR. JUSTICE McKENNA delivered the opinion of the court.

This is a writ of error to the Supreme Court of the State of
Kansas to review a judgment of that court overruling a de-
murrer of the *nisi prius* court to the petition of plaintiffs in
error for an injunction to restrain the collection of taxes,
levied by the city of Kansas City, on lands brought into that
city under the act of the legislature of Kansas authorizing cities
of the first class having a population of 30,000 or more, which
shall be subdivided into lots and blocks, or whenever any un-
platted tract of land shall lie upon or mainly within any such

city, or is so situated as to be bounded on three fourths of its boundary line by platted territory of or adjacent to such city, or by the boundary line of such city, or by both, the same may be added to and made part of the city by ordinance duly passed. There was a provision in the law as follows: "But nothing in this act shall be taken or held to apply to any tract or tracts of land used for agricultural purposes when the same is not owned by any railroad or other corporation."

An ordinance was passed, pursuant to the statute, extending the city boundaries so as to include large tracts of land belonging to the Union Pacific Railway. A portion of the lands was used for right of way and other railroad purposes, and a large part of them was vacant and unoccupied, which was held by the company for its future uses.

Taxes were levied by the city upon the property, and this suit was brought to enjoin their collection. The petition presented the facts, and contained the following allegation:

"Nor shall any State deprive any person of life, liberty or property, without due process of law, nor deny to any person within its jurisdiction equal protection of the laws."

"And plaintiffs are advised, and so charge the fact to be, that in so far as said statute attempts to authorize the taking of said lands within the limits of Kansas City, Kansas, as attempted in said ordinance, Exhibit 'A,' it is unconstitutional, null and void, in this, to wit:

"That by reason of that portion of the act which excepts from its operation any tract or tracts of land used for agricultural purposes, when the same is not owned by any railroad or other corporation, it is in violation of that part of the Fourteenth Amendment to the Constitution of the United States, which reads as follows: 'Nor shall any State deprive any person of life, liberty or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws.'"

The defendants, other than the township of Wyandotte and school district No. 9, filed a general demurrer to the petition, which was overruled. The defendants, the township of Wyandotte and school district No. 9, did not plead in any way.

The demurring defendants electing to stand upon their demurrer, a perpetual injunction was granted as prayed for against them.    They appealed to the Supreme Court, where the judgment of the lower court was reversed, and an order was made directing that court to sustain the demurrer.

The question of the constitutionality of the statute was presented to the Supreme Court of Kansas, and that court held that it violated neither the Federal or state constitutions. The same question is presented here in six assignments of errors.    The specific contention is that the Kansas statute violates that portion of the Fourteenth Amendment which provides: "Nor shall any State deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

The defendants in error, however, object to the jurisdiction of this court, and urge that the judgment appealed from is not a final one, and is not therefore reviewable in this court.

It is further urged that the record does not show that anything was done in the lower court after decision in the Supreme Court, but that error is prosecuted directly to the judgment of the Supreme Court, and that that determined only a question of pleading, and that its direction has not yet been acted on, and that no judgment of any kind has been entered against Wyandotte township or school district No. 9.

The law of Kansas prescribing action on demurrer is as follows : "If the demurrer be sustained, the adverse party may amend, if the defect can be remedied by way of amendment, with or without costs, as the court, in its discretion, shall direct."

In *Bostwick* v. *Brinkerhoff*, 106 U. S. 3, it was decided that " the rule is well settled and of long standing that a judgment or decree to be final, within the meaning of that term, as used in the acts of Congress giving this court jurisdiction on appeals and writs of error, must terminate the litigation between the parties on the merits of the case, so that if there should be an affirmance here, the court below would have nothing to do but to execute the judgment or decree it had

already rendered." For the support of which many cases were cited, and further: "If the judgment is not one which disposes of the whole case on its merits, it is not final. Consequently, it has been uniformly held that a judgment of reversal, with leave for further proceedings in the court below, cannot be brought here on writ of error." Also citing cases.

This case and those it cites have been applied many times, but we will confine our notice to instances of demurrer. *De Armas* v. *United States*, 6 How. 103, was of this kind, but the grounds of demurrer urged there made the rule when applied to them not very disputable, and the case is not of much aid.

In *Meagher* v. *Minnesota Thresher Mfg. Co.*, 145 U. S. 608, the demurrer was overruled with leave to answer over. Upon appeal to the Supreme Court the order overruling the demurrer was affirmed with costs. The rule of the Supreme Court provided that "upon the reversal, affirmance or modification of any order or judgment of the District Court by this court, there will be a *remittitur* to the District Court, unless otherwise ordered." Held, that the plaintiffs in error upon the return of the case to the court could plead over, and hence judgment was not final.

In *Werner* v. *Charleston*, 151 U. S. 360, the announcement by the Chief Justice was: "The writ of error is dismissed. *Meagher* v. *Minnesota Thresher Mfg. Co.*, 145 U. S. 608 ; *Rice* v. *Sanger*, 144 U. S. 197; *Hume* v. *Bowie*, 148 U. S. 245."

The statement of the case shows that it was analogous to the case at bar. The motion to dismiss stated that —

"The judgment brought here by writ of error for review is a judgment of the Supreme Court of the State of South Carolina, which simply affirmed a decision of the lower court overruling a demurrer, and thereby remanded the case to the court below for a hearing on the merits. It is, therefore, an interlocutory judgment, and is in no sense a final decree.

"To this the plaintiff in error replied: 'The judgment brought here by writ of error for review is the judgment of the Supreme Court of the State of South Carolina, holding that a certain act of the general assembly of the State of South Carolina, entitled, "An act to authorize the city coun-

cil of Charleston to fill up low lots and grounds in the city of
Charleston in certain cases and for other purposes," approved
on the 18th of December, 1830, is not in violation of the Con-
stitution of the United States, thereby affirming the judg-
ment of the trial court and so ending the constitutional
defence interposed by the plaintiff in error.'

"An examination of the record will show that the main
ground of the demurrer, interposed in the court below by the
plaintiff in error, was the unconstitutionality of the act of
1830.  It was claimed both there and in the court above, as
well as in this court, to be in violation of due process of law."
*Rice* v. *Sanger* and *Hume* v. *Bowie*, cited by the Chief Justice,
were not rulings on demurrer, and we have confined our notice
to cases of that kind, not because they are separable in princi-
ple from the other cases decided, but to observe and explain
the rule in its special application.  That rule is in its utmost
generality that no judgment is final which does not terminate
the litigation between the parties to the suit.  If anything
substantial remain to be done to this end, the judgment is not
final.  The law of the case upon the pleadings, and hence as
presented by the demurrer, may be settled, but if power remain
to make a new case, either by the direction of the Supreme
Court or in the absence of such direction by the statutes
of the State, the judgment is not final.

The statute of Kansas permitted such amendment, and the
order of the Supreme Court did not take it away.  Its order
proceeds no further than a direction to sustain the demurrer
to the petition.  That done, the lower court had and has all
of its power under the statute, and may exercise it at the in-
vocation of plaintiffs in error.  What they may be advised to
do we cannot know.  We can only consider their right and
the power of the court.  These existing, if we should affirm
the judgment of the Supreme Court, that court, and maybe
this court, may be called upon to determine other issues
between the parties.

*It follows from these views that the judgment of the Supreme
Court is not final, and the writ of error must be dismissed;
and it is so ordered.*