## FT. DODGE PORTLAND CEMENT CORPORATION v. MONK et al.

(Circuit Court of Appeals, Eighth Circuit. October 4, 1921.)

### No. 5749.

Courts ⬠405(12)—Circuit Court of Appeals without jurisdiction to review order granting new trial.

Under Judicial Code, § 128 (Comp. St. § 1120), limiting the jurisdiction of the Circuit Court of Appeals to a review of final decisions of the District Court, it is without jurisdiction to review an order granting a new trial in an action at law, the effect of which is to entitle the parties to a retrial of all the issues.

In Error to the District Court of the United States for the District of South Dakota; Martin J. Wade, Judge.

Action at law by the Ft. Dodge Portland Cement Corporation against H. E. Monk and Knut Elendal, administrators of the estate of A. J. Thomsen, deceased. From an order granting a new trial, plaintiff brings error. Dismissed.

U. S. G. Cherry, of Sioux Falls, S. D. (Roy B. Marker, of Sioux Falls, S. D., on the brief), for plaintiff in error.

E. E. Wagner, of Sioux City, Iowa (Alan Bogue, Jr., of Parker, S. D., on the brief), for defendants in error.

Before SANBORN and CARLAND, Circuit Judges, and MUNGER, District Judge.

⬠For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

CARLAND, Circuit Judge. Action to recover the amount of a promissory note for $10,000 given by one A. J. Thomsen to plaintiff in error. Plaintiff in error recovered judgment for the amount of the note and interest. Defendants in error moved for a new trial upon the grounds: (a) The court erred in refusing to direct a verdict in their behalf, (b) errors in charge to the jury, (c) error in refusing to instruct jury as requested. The trial court granted the motion for a new trial for the reason that the note was given for the purchase price of preferred stock of the plaintiff in error and that at the time the subscription for the stock was made it was agreed between the parties that the subscriber should receive 100 shares of the common stock of the corporation as a bonus, thereby rendering the stock subscription contract void as against law and public policy. The other grounds for a new trial were overruled.

The order granting a new trial did not in terms vacate the judgment for plaintiff in error, but that was its legal effect. Plaintiff in error sued out a writ of error from the order granting a new trial. It is assigned as error that the granting of the order was a clear abuse of discretion and that the court erred in holding the stock subscription void. Counsel for defendants in error insist that we have no authority to review the order granting a new trial for the reason that whether it should be granted or not rested in the sound discretion of the trial court and such discretion is not reviewable. It appears from the record, however, that we have no jurisdiction over the case and can do nothing but dismiss the writ of error. Our jurisdiction to review the decisions of the District Court is limited by law to final decisions. Judicial Code, § 128; section 6, Act of March 3, 1891, c. 517, 26 Stat. 828 (Comp. St. § 1120). Defendants in error did not plead the defense that the court sustained on granting the motion for a new trial, but raised the question by motion for a directed verdict. They did plead in their answer that the note was obtained from the maker by false pretenses and that there was no consideration ever received therefor. The trial court did not grant a new trial of a single issue, but granted a new trial generally because of its opinion on a single issue. It is true that the court declared that it overruled the other grounds urged for a new trial, but nevertheless it granted a new trial without limitation, and if the ruling is to stand defendants in error are entitled to have the issues pleaded, retried as well as the issue ruled upon. They are entitled to a trial by jury of all the issues. They can get no such trial here. R. S. U. S. § 1011, amended February 18, 1875, chapter 80, § 1 (Comp. St. § 1672). So far as the finality of the order granting a new trial is concerned, it left the case as if it had never been tried. It would therefore seem that no argument is necessary to show that an order which had the effect stated is not a final decision of the District Court. If, however, authority is required for the position here taken, it may be found in Hume v. Bowie, 148 U. S. 245, 13 Sup. Ct. 582, 37 L. Ed. 438; Baker et al., Assignees, v. White, 92 U. S. 176, 23 L. Ed. 480; Parcels v. Johnson, 87 U. S. (20 Wall.) 653, 22 L. Ed. 410; McComb, Executor, v. Com'rs Knox Co., 91 U. S. 1, 23 L. Ed. 185; Moore v. Robbins, 85 U. S. (18 Wall.) 588, 21 L. Ed. 758; St. Clair Co. v. Lov-

ingston, 87 U. S. (18 Wall.) 628, 21 L. Ed. 813; Tracy v. Holcombe, 65 U. S. (24 How.) 426, 16 L. Ed. 742; Pepper v. Dunlap, 46 U. S. (5 How.) 51, 12 L. Ed. 46; Heike v. U. S., 217 U. S. 423, 30 Sup. Ct. 539, 54 L. Ed. 821; U. S. v. Beatty, 232 U. S. 463, 34 Sup. Ct. 392, 58 L. Ed. 686; Werner v. Charleston, 151 U. S. 361, 14 Sup. Ct. 356, 38 L. Ed. 192; Lodge v. Twell, 135 U. S. 233, 10 Sup. Ct. 745, 34 L. Ed. 153; Macfarland v. Brown, 187 U. S. 239, 23 Sup. Ct. 105, 47 L. Ed. 159; Clark v. Kansas City, 172 U. S. 334, 19 Sup. Ct. 207, 43 L. Ed. 467; Meagher v. Minnesota Thresher Mfg. Co., 145 U. S. 608, 12 Sup. Ct. 876, 36 L. Ed. 834. All of the above cases are not cases where new trials have been granted, but they are cases which clearly decide that the judgment appealed from must terminate the litigation between the parties on the merits of the case so that if there should be an affirmance by the appellate court, the court below would have nothing to do but to execute the judgment or decree which it had already rendered.

Writ of error dismissed.