UNITED STATES (NOYES, Commissioner of Agriculture and Markets of New York, Intervener) v. ADLER'S CREAMERY, Inc.

No. 277.

Circuit Court of Appeals, Second Circuit.

March 18, 1940.

Samuel Rubin, of New York City, for appellant.

John S. L. Yost and Edward Knuff, Sp. Assts. to the Atty. Gen., and Margaret H. Brass and Melva M. Graney, Sp. Attys., both of Washington, D. C., for the United States.

Milo R. Kniffen, of Cobleskill, N. Y., Counsel to Department of Agriculture and Markets of State of New York (Louis S. Wallach, of Brooklyn, N. Y., of counsel), for intervener.

Before SWAN, CLARK, and PATTERSON, Circuit Judges.

PER CURIAM.

This is a suit brought pursuant to the provisions of the Agricultural Marketing Agreement Act of 1937, 7 U.S.C.A. § 601 et seq. The decree appealed from adjudged that the defendants and its agents, attorneys and officers "are hereby mandatorily enjoined and commanded" to comply with an order issued under said act, and particularly to pay to the Market Administrator the sum of $46,796.66 owing to him under said order for a period prior to January 31, 1939. The appellant's contention that federal regulation may not control its wholly intrastate business was sufficiently answered in the former appeal to this court from the preliminary mandatory injunction. United States v. Adler's Creamery, 2 Cir., 107 F.2d 987. This is likewise true of the contention that enforcement of the order under the conditions prevailing prior to January 31, 1939, would be confiscatory. The claim that it is inequitable to grant a mandatory injunction to collect a debt past due must yield to the statutory provision of such a remedy. 7 U.S.C.A. '§ 608a(6) and (8). See H. P. Hood & Sons v. United States, 307 U.S. 588, 59 S. Ct. 1019, 83 L.Ed. 1478. The form of the decree is not objectionable since, properly construed, it does not impose personal liability on the agents, attorneys and officers of the defendant. The decree is affirmed.

We think the appeal from the order denying the defendant's motion to dismiss the complaint of the intervening plaintiff must be dismissed. This was not a final order; it was but the overruling of a demurrer to the complaint and such an order is not appealable. Clark v. Kansas City, 172 U.S. 334, 19 S.Ct. 207, 43 L.Ed. 467. No relief has been granted to the New York Commissioner of Agriculture and Markets. Whether the prior order, which granted him leave to intervene, was correct is not before us.