## FRANK MERCANTILE CORPORATION et al. v. PRUDENTIAL INS. CO. OF AMERICA.

### No. 7510.

Circuit Court of Appeals, Third Circuit.

Oct. 25, 1940.

## KALES v. UNITED STATES.

### No. 8341.

Circuit Court of Appeals, Sixth Circuit.

Nov. 9, 1940.

Kendall H. Shoyer, of Philadelphia, Pa., for appellant.

Alexander N. Rubin, of Philadelphia, Pa., for appellees.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

PER CURIAM.

The defendant has appealed from an order of the district court for the Eastern District of Pennsylvania, granting a new trial after a verdict in its favor in a civil action. The appeal is brought to this court under Section 128(a) of the Judicial Code, 28 U.S.C.A. § 225(a), which confers upon this court "jurisdiction to review by appeal final decisions in the district courts." The plaintiffs move to dismiss the appeal for want of jurisdiction, urging that the order appealed from was not a final decision.

The motion must be granted. It is clear upon reason and authority that an order granting a new trial is not a final decision and is, therefore, not appealable under the Judicial Code (Dry Dock, E. B. & B. R. Co. v. Petkunas, 2 Cir., 261 F. 988), even though it is granted upon an erroneous view of the law or involves a clear abuse of discretion. Ft. Dodge Portland Cement Corporation v. Monk, 8 Cir., 276 F. 113; Wright v. Taft-Peirce Mfg. Co., 1 Cir., 287 F. 131; East Erie Commercial R. Co. v. Denial, 3 Cir., 66 F.2d 555. As was said by Judge Carland in Ft. Dodge Portland Cement Corporation v. Monk, supra, 276 F. at page 114, "So far as the finality of the order granting a new trial is concerned, it left the case as if it had never been tried."

It is true, as the defendant points out, that in James v. Evans, 3 Cir., 149 F. 136, and Cottingham v. Hershey, 3 Cir., 71 F. 2d 473, this court entertained appeals from orders granting new trials. While it appears that the question of jurisdiction was not raised, considered or decided in either of these cases, it was necessarily involved in both of them. Consequently to the extent that they may be deemed authority for the proposition that an order granting a new trial is appealable they must be considered as now overruled.

The appeal is dismissed.