## LIBBY, McNEILL & LIBBY v. MALMSKOLD.

### No. 9497.

Circuit Court of Appeals, Ninth Circuit.

Nov. 23, 1940.

Bogle, Bogle & Gates, Stanley B. Long, and W. T. Beeks, all of Seattle, Wash., for appellant.

Sam. L. Levinson and Jay Friedman, both of Seattle, Wash., for appellee.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from orders of the District Court (1) denying defendant's challenge to the sufficiency of appellee's evidence and appellee's motion for involuntary nonsuit and a directed verdict in its favor ·at the close of appellee's evidence, and (2) denying appellant's similar motions made at the close of all the evidence in the case, and (3) denying appellant's motion to set aside the verdict of the jury and for judgment of dismissal with prejudice, and (4) from the order of the District Court granting a new trial upon all issues.

When the case came on for oral argument before this court on September 10, 1940, the court, upon its own motion, questioned its jurisdiction to consider the case upon the ground that the orders appealed from might not be appealable within the purview of 28 U.S.C.A. § 225 (a). Thereupon permission was granted the parties to file memorandum briefs respecting this court's jurisdiction. These briefs were duly filed.

If jurisdiction is present it is given by Sec. 128 (a) of the Judicial Code, as amended. That subsection is as follows:

28 U.S.C.A. § 225. *"Appellate Jurisdiction.*

*"(a) Review of final decisions.* The circuit court of appeals shall have appellate jurisdiction to review by appeal final decisions * * *".

■ It seems too plain for argument that the denial of a motion for a nonsuit or to direct a verdict is not a final decision. So also as to a motion to set aside a verdict or to dismiss without prejudice. Indeed, there is no argument to the contrary in appellant's brief, which is entirely devoted to the propriety of an appeal directed to the order for a new trial which was made by the trial court.

Appellee, in his brief, cites many cases to establish the general rule that granting a new trial is not a "final decision" within 28 U.S.C.A. § 225. Appellant concedes that such is the general rule but contends that the trial court's action in ordering or denying a new trial may nevertheless be reviewed on appeal from the orders when such action is a clear abuse of judicial power.

■ The fact that the order refusing a new trial may be an abuse of discretion which would justify its consideration by an appellate court does not make the order itself appealable. The review must be incident to an appeal from an appealable order such as a final judgment. Florini v. Stegner, 3 Cir., 82 F.2d 708; East Erie Commercial Ry. Co. v. Denial, 3 Cir., 66 F.2d 555; In re Walsh, 5 Cir., 69 F.2d 971; Nichols v. Republic Iron & Steel Co., 5 Cir., 89 F.2d 927; Hunt v. United States, 10 Cir., 53 F.2d 333; Wright v. Taft-Peirce Mfg. Co., 1 Cir., 287 F. 131; Ft. Dodge Portland Cement Co. v. Monk, 8 Cir., 276 F. 113; Cf, Republic Supply Co. of Calif., v. Richfield Oil Co. of Calif., 9 Cir., 74 F.2d 909; Bensen v. United States, 9 Cir., 93 F.2d 749; Pettingill v. Fuller, 2 Cir., 107 F.2d 933; Marshall's U. S. Auto Supply Co. v. Cashman, 10 Cir., 111 F.2d 140; Frank Mercantile Corp. v. Prudential Ins. Co. of America, 3 Cir., 115 F.2d 496, October 25, 1940. Two cases are cited by the appellant to support its contention that the order granting a new trial, where there is a clear abuse of discretion, is appealable; James v. Evans, 149 F. 136, and Cottingham v. Hershey, 71 F.2d 473, both by the Circuit Court of Appeals for the Third Circuit. Since the argument herein these cases have been overruled by that court on this point. Frank Mercantile Corp. v. The Prudential Ins. Co. of America, decided October 25, 1940, supra.

Appeal dismissed.