## YOUDAN v. MAJESTIC HOTEL MANAGEMENT CORPORATION et al.

### No. 7677.

Circuit Court of Appeals, Seventh Circuit.

Jan. 14, 1942.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

This is an appeal from an order granting a new trial in a suit for false arrest and imprisonment. On the original trial, the jury returned a verdict of not guilty as to one defendant, the manager of a hotel corporation, and guilty as to the corporation, assessing damages against the latter in the amount of one dollar. The trial court thereupon entered an order on its own motion granting new trial as to both defendants prior to entry of judgment on the verdict by the clerk and motion for new trial, in accordance with Rule 59, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Later it vacated this order and entered a new order directing the clerk to refrain from entering judgment on the verdict and, on a finding that the verdict as to each defendant was against the right and justice of the case and that any verdict other than one for substantial damages would shock the conscience of the court, set aside the original verdict and granted new trial against the two defendants. From this order the appeal is prosecuted by both defendants. A third defendant was involved in the original proceeding, but no question is raised as to the verdict of not guilty as to it.

Appellants concede that ordinarily motions for new trial are addressed to the sound discretion of the court; and that cases recently decided, cited by appellee,[1] hold that no appeal will lie from an order granting a new trial. They contend, however, that such cases do not consider the effect of the New Rules of Civil Procedure, particularly Rule 59(d) which provides:

"Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor."

Appellants urge that the only purpose for requiring the statement of reasons for the granting of the new trial must be to permit review of such order, otherwise it would be a useless provision. They refer to the provision of the Illinois Practice Act that an order granting a new trial shall be

Austin L. Wyman, Henry F. Vallely, Max M. Grossman, and Samuel Grossman, all of Chicago, Ill., for appellants.

Gordon McLeish Leonard, of Chicago, Ill., for appellee.

[1] See Florini v. Stegner, 3 Cir., 82 F. 2d 708; Frank Mercantile Corp. v. Prudential Ins. Co., 3 Cir., 115 F.2d 496; and Libby, McNeill and Libby v. Malmskold, 9 Cir., 115 F.2d 786.

deemed to be a final order. Illinois Revised Statutes, Ch. 110, § 201. We note, however, that that section further provides that no appeal may be taken therefrom except on leave granted by the reviewing court or a judge thereof. The Illinois practice furnishes no guide to this court, however, and we must follow the procedure laid down by our own rules and decisions.

The Supreme Court, in Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 254, 77 L.Ed. 439, stated: "The rule that this Court will not review the action of a federal trial court in granting or denying a motion for a new trial for error of fact has been settled by a long and unbroken line of decisions; and has been frequently applied where the ground of the motion was that the damages awarded by the jury were excessive or were inadequate. The rule precludes likewise a review of such action by a Circuit Court of Appeals. * * * Under certain circumstances the appellate court may inquire into the action of the trial court on a motion for a new trial. Thus, its denial may be reviewed if the trial court erroneously excluded from consideration matters which were appropriate to a decision on the motion * * * or if it acted on the mistaken view that there was no jurisdiction to grant it, or that there was no authority to grant it on the ground advanced."

In a case decided since the promulgation of the New Rules, the Court reiterated the rule as to the nonappealability of the order denying new trial, "for that order, save in most exceptional circumstances, is not appealable * * *" Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 195, 85 L.Ed. 147, citing the Fairmount case at pages 481-485 of 287 U.S., 53 S.Ct. 252, 77 L.Ed. 439 on the point quoted. It would seem from this that the matter would only be reviewable, if at all, for mistake of law. See, also, Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 122 F.2d 350.

 That such review may be had under exceptional circumstances, we think explains the addition of the requirement in Rule 59(d) relied upon by appellants that the trial court specify its grounds for granting a new trial on its own motion. However, following the rule of the Fairmount case, supra, and cases there cited, we are convinced that such review may be only for error of law and never for error of fact. Moreover, such review must be had in connection with an appeal from a final

order, in accordance with the statute upon which our appellate jurisdiction rests. Section 128(a) of the Judicial Code, 28 U.S.C.A. § 225(a), provides that the Circuit Court of Appeals shall have appellate jurisdiction to review by appeal final decisions. Since no final decision is presented by the appeal now before us, it must be and is hereby dismissed.