317 F.2d 247
 Alvina CONNEY, Individually, and Alvina Conney, Trustee of the Estate of Frank P. Conney, Plaintiffs and Respondents,
v.
Norman ERICKSON and American Motorists Insurance Company, a Foreign Insurance Corporation, Defendants and Appellants.
 No. 14010.
 United States Court of Appeals Seventh Circuit.
 May 14, 1963.
 
 1
 Thomas H. Skemp and Quincy H. Hale, LaCrosse, Wis., for appellants.
 
 
 2
 John W. Fetzner, Hudson, Wis., E. W. Murnane, St. Paul, Minn., for appellees.
 
 
 3
 Before KNOCH and SWYGERT, Circuit Judges, and MERCER, District Judge.
 
 
 4
 MERCER, District Judge.
 
 
 5
 Plaintiff, Alvina Conney, filed this suit in the court below for damages for wrongful death of her husband, Frank Conney, which is alleged to have resulted from the negligence of the defendant, Erickson. Upon a trial of the case by jury, the court submitted the case to the jury upon interrogatories geared to the requirements of the Wisconsin Comparative Negligence Statute. Wis.Stat. § 331.045. The jury, by its verdict, found both Erickson and Frank Conney negligent and attributed 60% of the total negligence to Frank Conney and 40% to Erickson. In accordance with that finding, judgment was entered on the verdict in favor of the defendants.
 
 
 6
 Thereafter, plaintiff filed post-trial motions, including a motion for a new trial. After a hearing upon those motions, the trial court entered an order vacating the judgment entered on the jury's verdict and granted to plaintiff a new trial.
 
 
 7
 Defendants filed this appeal, contending, principally, that the order of the court granting plaintiff a new trial was based upon a misapprehension of the facts shown by the evidence adduced and an erroneous view of the law by the court. They insist that the action involved such a serious abuse of the discretion vested in the court that the order granting a new trial should be reversed and the verdict for defendants reinstated.
 
 
 8
 The issues, as framed by the briefs of the parties, encompass only the question whether there was such an abuse of discretion in granting a new trial in this case as would require a reversal. Thus, plaintiff concedes that a ruling upon a motion for a new trial may be reviewed and reversed upon exceptional circumstances showing an abuse of discretion. E. g., Hardware Mut. Cas. Co. v. Chapman, 7 Cir., 272 F.2d 614, 617; Bucher v. Krause, 7 Cir., 200 F.2d 576, 586-587; Morris Bros. Lbr. Co. v. Eakin, 3 Cir., 262 F.2d 259; Houtz v. General Bonding & Ins. Co., 10 Cir., 235 F.2d 591; Whiteman v. Pitrie, 5 Cir., 220 F.2d 914; Peterman v. Indian Motorcycle Co., 1 Cir., 216 F.2d 289, 293. See 6 Moore's Fed. Practice, 59.15 [1].
 
 
 9
 Our research, however, leads to the conclusion that the decisive issue is the question of the jurisdiction of this court. Our jurisdiction is limited to the review of final decisions of the district courts, 28 U.S.C. 1291, with exceptions not here applicable. 28 U.S.C. 1292. Here there is no final decision and no order from which an appeal may be prosecuted. Dailey v. Timmer, 3 Cir., 292 F. 2d 824; Chicago & N. W. Ry. Co. v. Britten, 8 Cir., 301 F.2d 400, 401; Marshall's U. S. Auto Supply v. Cashman, 10 Cir., 111 F.2d 140.[1] Jurisdiction to review such an order is obtained only when the question is presented incidentally in an appeal from a final judgment or other appealable order. Dailey v. Timmer, 3 Cir., 292 F.2d 824; Cf., e. g. Bucher v. Krause, 7 Cir., 200 F.2d 576, 586-587; Houtz v. General Bonding Co., 10 Cir., 235 F.2d 591; Oswald v. Cruz, 9 Cir., 289 F.2d 488.[2]
 
 
 10
 We hold that this appeal was improvidently prosecuted. The appeal is dismissed for lack of jurisdiction.
 
 
 
 Notes:
 
 
 [1]
 James v. Evans, 3 Cir., 149 F. 136, and Cottingham v. Hershey, 3 Cir., 71 F.2d 473, in which jurisdiction was assumed were expressly overruled in Frank Mercantile Co. v. Prudential Ins. Co., 3 Cir., 115 F.2d 496, 497
 
 
 [2]
 While the court, in Chicago & N. W. Ry. Co. v. Britten, 8 Cir., 301 F.2d 400, did reverse an order granting a new trial, the jurisdictional basis for that decision was the fact that the trial court had no jurisdiction to enter the order