**Eddie WILLIAMS, Jr., et al., Plaintiffs-Appellants,**

v.

**YRC WORLDWIDE, INC., Defendant-Appellee.**

No. 17-3122

United States Court of Appeals, Seventh Circuit.

Argued February 20, 2018

Decided February 22, 2018

Lloyd P. Mullen, Attorney, Mullen & Associates, Crown Point, IN, for Plaintiffs-Appellants

Thomas Frank Hurka, Attorney, Morgan, Lewis & Bockius LLP, Chicago, IL, for Defendant-Appellee

Before Diane P. Wood, Chief Judge, Frank H. Easterbrook, Circuit Judge, Amy C. Barrett, Circuit Judge

**Order**

Eddie Williams, Jr.; Karl Harris; Thomas Jackson; and Derrick Rias are four of the fourteen plaintiffs in a suit (No. 14 C 8758) filed in the Northern District of Illinois. Three plaintiffs have settled with the defendant, and a magistrate judge (serving by agreement under 28 U.S.C. § 636(c) ) entered summary judgment against the four we have named. *McDade v. YRC Worldwide, Inc.*, 2017 WL 4046345, 2017 U.S. Dist. LEXIS 147813 (N.D. Ill. Sept. 13, 2017). The claims of the other seven plaintiffs are set for trial later this year.

Although the case remains pending in the district court, the four losing plaintiffs immediately appealed. They should not have done so. A judgment is final and appealable under 28 U.S.C. § 1291 only if it "resolves *all* claims of *all* parties". *Domanus v. Locke Lord LLP*, 847 F.3d 469, 477 (7th Cir. 2017) (emphasis in original). This rule is of very long standing. See, e.g., *Meagher v. Minnesota Thresher Manufacturing Co.*, 145 U.S. 608, 611, 12 S.Ct. 876, 36 L.Ed. 834 (1892); Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 10 *Federal Practice & Procedure* § 2656 (3d ed. 2014). Although Fed. R. Civ. P. 54(b) allows a district court to enter a partial final judgment, none has been entered for these litigants.

There is a complication with a potential jurisdictional significance. The district court has consolidated Case No. 14 C 8758 with Case No. 14 C 1500, another employment-discrimination suit against YRC Worldwide. The summary-judgment order was entered on the docket in Case No. 14 C 1500, which our appellants identified as the decision being appealed. Consolidation potentially defers appealability until all claims by all litigants in all of the cases have been resolved. *Hall v. Hall*, No. 16–1150, now under advisement in the Supreme Court (it was argued on January 16,

2018), may decide what kinds of consolidations require all consolidated cases to be resolved before the decision in any may be appealed. But we need not await the decision in *Hall*. It is enough to say that, in the absence of a partial final judgment under Rule 54(b), the fact that seven plaintiffs' claims in Case No. 14 C 8758 remain to be decided by the district court prevents these four plaintiffs from appealing.

Once there is a final judgment, these four plaintiffs (if they again appeal) should notify the court whether they want to use the briefs already on file, which address the merits. Any follow-up appeal will be submitted to this panel for decision.

The appeal is dismissed for want of jurisdiction.