THE HEIRS OF C. AND M. DE ARMAS, APPELLANTS, v. THE UNITED STATES.

An order of the District Court, sustaining a demurrer to a petition because it was multifarious, and because the names of the persons claiming or in possession of the land which the petitioners alleged to belong to them were not set forth, was not a final judgment or decree from which an appeal lies to this court.

THIS case came up by appeal from the District Court of the United States for the District of Louisiana.

It was a petition in the District Court relating to land, the circumstances of which it is unnecessary to state any further than they are referred to in the opinion of the court, as the case went off upon a point of jurisdiction. It was argued by *Mr. S. S. Prentiss* and *Mr. Perin*, for the appellants, and *Mr. Clifford* (Attorney-General), for the United States.

That part of the argument of the Attorney-General which related to the point of jurisdiction was as follows.

On the part of the United States it is contended, that the Supreme Court has no jurisdiction under the second section of the act of 1824, or under any other act, unless in cases where the judgment or decree in the court below made *final* disposition of the suit.

This point has been repeatedly ruled, on the twenty-fifth section of the Judiciary Act, by the unanimous judgment of the court, and is believed no longer to be an open question. Houston v. Moore, 2 Wheat. 433. Gibbons v. Ogden, 6 Wheat. 448. Weston et al. v. City Council of Charleston, 2 Peters, 449. Winn's Heirs v. Jackson et. al., 12 Wheat. 135.

"The word *final* must be understood as applying to all judgments and decrees which determine the particular cause." Weston et al. v. City Council of Charleston, before cited, on pages 464, 465.

The act of 1824 follows very closely the requirements of the Judiciary Act in this respect. The second section provides, — "And in all cases the party against whom the judgment or decree of the said District Court may be finally given shall be entitled to an appeal, within one year from the time of its rendition, to the Supreme Court of the United States, the decision of which court shall be final and conclusive between the parties; and should no appeal be taken, the judgment or decree of the said District Court shall, in like manner, be final and conclusive."

The appeal is allowed only to the party against whom the judgment or decree may be finally given; and, further, to place the point beyond doubt, in case no appeal be taken, it is specially provided that the judgment or decree of the District Court shall be final and conclusive.

In this case no final decree was made. Some points in the demurrer being sustained, the petitioners appeal. The petition is not dismissed, but, from aught that appears in the record, is still open to a rehearing. It is clearly within the discretionary power of the district judge to allow the appellants to amend and avoid the objections raised. At all events, the final decree has not been passed, and no appeal will lie.

The record does not show that the proceedings in the court below are closed; consequently no case is made within the provisions of law authorizing an appeal. The petition and pleadings are still within the control of the court below.

Mr. Chief Justice TANEY delivered the opinion of the court.

This case is brought here by appeal from the District Court of the United States for the District of Louisiana.

It appears that a petition was filed by the appellants, claiming an inchoate title to certain lands, under Spanish grants, which they alleged the United States were bound to perfect; but that these lands had been sold by the United States to divers persons unknown to the petitioners. They therefore prayed that the validity of their claim might be inquired into, and that they be allowed to locate the same number of arpents upon the public domain, according to the provisions of the act of Congress of May 26, 1824, § 11, which was extended to Louisiana by the act of June 17, 1844.

The proceedings upon this petition, as stated in the record, appear to have been irregular and confused, and it is unnecessary to state them at large. It is sufficient to say, that the district attorney demurred to the petition, setting forth various causes of demurrer, that the petitioners afterwards amended their petition, and that the district attorney again demurred;

and after various other proceedings, the record states that "the following judgment was entered on the minutes : —

"The demurrers to the original and to the amended petition of petitioners, submitted to the court yesterday, having been considered by the court, it is now ordered, adjudged, and decreed, that the 4th ground of demurrer set forth in the demurrer to the original petition be sustained, and that the 1st, 2d, 3d, 5th, 6th, 7th, and 8th grounds set forth in said demurrer be overruled, it appearing that said last-mentioned grounds of demurrer have been removed by petitioners' amended petition.

"It is further ordered, that the 1st and 2d grounds of demurrer, set forth in the demurrer of respondents to the amended petition of petitioners, be sustained, and that the 3d ground of demurrer, set forth in said demurrer to said amended petition, be overruled."

The grounds of demurrer sustained by the District Court were, that the petition was multifarious, and that the names of the persons claiming or in possession of the land which the petitioners alleged belonged to them were not set forth.

The appeal was taken from the judgment above recited. But evidently that judgment is not a final judgment or decree. For the petition is not dismissed, nor is the title of the petitioners to the land claimed by them finally adjudicated, nor their right to locate the same number of arpens upon the public domain. Nothing is decided but a question of pleading and a question as to proper parties. The petition appears to be still pending in the District Court; and the objections upon which the court decided against the petitioners might be removed, if the appellants desired it, by an application to the court for leave to amend. But if the petitioners did not move for leave to amend, and preferred taking the opinion of this court upon the questions decided against them in the District Court, then, under the opinion given by that court upon the demurrer, it should have proceeded to pass a final decree dismissing the bill. An appeal from that decree would have brought the case legally before this court, and authorized it to examine the grounds upon which the decree had been made.

But as there is no final judgment or decree, we have no jurisdiction, and consequently the appeal must be dismissed.

### Order.

This cause came on to be heard on the transcript of the record from the District Court of the United States for the District of Louisiana, and was argued by counsel ; and it appearing to the court here that there has been no final judgment or decree

of the said District Court in this cause, it is thereupon now here ordered and decreed by this court, that this appeal be and the same is hereby dismissed for the want of jurisdiction.