## BANK OF RONDOUT *v.* SMITH.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF SOUTH CAROLINA.

No. 113. Argued December 13, 1894. — Decided March 4, 1895.

A decree by a Circuit Court dismissing a bill in equity as to one defendant who had demurred, leaving the case undisposed of as to other defendants who had answered, does not dispose of the whole case, and is not a final decree from which an appeal can be taken to this court.

THIS was a bill filed by the National Bank of Rondout, New York, against David R. Smith, in his own right and as

surviving copartner of D. R. Smith & Company, E. P. Smith, Thomas R. McGahan, Daniel C. Stelling, Moses Brown and others, composing the firm of M. Brown, Sons & Company, in the Circuit Court of the United States for the District of South Carolina, alleging that the bank recovered a judgment in that court December 15, 1887, against D. R. Smith, surviving copartner of D. R. Smith & Company, for the sum of $13,844.74 and costs of suit, "and is entitled to recover against the said D. R. Smith as surviving copartner of D. R. Smith & Company and individually, and to be paid out of the property of said firm and out of the individual property of said David R. Smith, the above-named sum, with interest on the said debt." It was then averred that, April 27, 1885, judgment was recovered in said Circuit Court by default for $9397.17 in favor of Daniel C. Stelling, a citizen of the State of Georgia, against the firm of D. R. Smith & Company, on service of process on D. R. Smith; and that on the same day judgment was rendered by default for $1446.83 in favor of M. Brown, Sons & Company, citizens of Pennsylvania, against D. R. Smith & Company on service of process on D. R. Smith; that executions were issued on these judgments and delivered to the United States marshal for the District of South Carolina, April 28, 1885; were levied April 30, 1885; and certain tracts of timber lands, and a steam saw mill, engines, boilers, etc., sold thereon at about one-tenth the value of the property to one Thomas R. McGahan, and a deed of conveyance made to him September 7, 1885; that immediately thereafter Mrs. E. P. Smith, the wife of D. R. Smith, was put in possession by McGahan, and had been using the property, and in the actual reception of the rents and profits thereof in collusion with her husband and McGahan from the day of the sale on execution to the time of the filing of the bill. The bill further alleged that the causes of action upon which the judgment in favor of Stelling purported to have been recovered were a note and eight drafts of D. R. Smith & Company, payable to the order of Claussen & Company, and endorsed by the payees in blank; that the record in Stelling's action did not show who composed the firm of Claussen & Company or the citizen-

ship of the members of that firm, and that they were citizens of South Carolina; that the causes of action upon which the judgment in favor of M. Brown, Sons and Company purported to have been recovered were a certain note and drafts of D. R. Smith & Company payable to the order of E. Bates & Company, and by the latter endorsed, and that in that action the names of the members of Bates & Company and their citizenship were not shown of record, but that they were citizens of South Carolina; that McGahan was a member of the firm of Bates & Company, and, on information, that they were the real owners of said note and drafts. The bill charged that jurisdiction in the Circuit Court of the United States for the District of South Carolina in the two actions in which these judgments were recovered was attempted to be obtained by plaintiffs in said actions by suppressing the fact that the payees in the notes and drafts were citizens of the same State as the makers thereof, and that judgments by default were suffered by D. R. Smith in favor of these plaintiffs by collusion with them "and with a view to the protection of the property of said D. R. Smith against his other creditors and to defeat their just rights." The bill prayed that the judgments, the sales thereunder, and the deed or deeds of the United States marshal be set aside and declared null and void; that a receiver be appointed; an account decreed; the property be sold and the proceeds applied to the payment of liens thereon according to their priority, the unsecured creditors of D. R. Smith & Company out of the balance, and the creditors of the individual partners out of their individual property; and for general relief.

A copy of the deed of the marshal was annexed to the bill as an exhibit, which recited the levy of both executions, the sales thereunder of certain tracts of land, buildings, and improvements, ("except the steam saw mill, with engines, boilers, and all appurtenances belonging thereto, known as Smith's Mills,") and conveyed said lands, etc., to McGahan.

Answers were filed to the bill by M. Brown, Sons & Company, Thomas R. McGahan, D. R. Smith, and E. P. Smith, and replications thereto. Defendant Daniel C. Stelling filed a

general demurrer, which, having been heard, was sustained by the court, and complainant prayed an appeal to this court as set forth in the opinion. Citation was issued to all the defendants returnable on the first Monday of May, 1891, and service accepted for McGahan, Stelling, D. R. and E. P. Smith, but not on behalf of the members of the firm of M. Brown, Sons & Company, and they were not served.

*Mr. Theodore G. Barker* for appellant.

*Mr. Henry A. M. Smith* for appellee.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

A decree to be final for the purposes of appeal must leave the case in such a condition that if there be an affirmance in this court, the court below will have nothing to do but execute the decree it has already entered. *Dainese* v. *Kendall*, 119 U. S. 53. In this case the record contains no decree disposing of the case as to all the parties. The orders were as follows: December 3, 1890 : " This cause having come on to be heard at the November term, 1890, upon the demurrer of Daniel C. Stelling to the bill of complaint herein, and counsel on both sides having been heard : It is thereupon adjudged and decreed that the said demurrer be sustained." On the same day the following appears: " The complainant in the above-entitled cause having in open court, at the present term of this court, prayed that an appeal be allowed to it from the judgment of this court sustaining the demurrer of Daniel C. Stelling, defendant, and dismissing the bill : It is ordered that said appeal be allowed." On March 14, 1891, the appeal was perfected as to Stelling by giving a bond in the sum of $250 running to Stelling, and reciting that lately at a regular term of the Circuit Court " a decree was rendered against the said complainant on the demurrer of said Daniel C. Stelling, dismissing said bill against the said defendant, Daniel C. Stelling, and the said complainant having obtained leave to appeal to the Supreme Court of the United States from said decree," etc. The

errors assigned are to the action of the Circuit Court "in sustaining the demurrer of defendant Daniel C. Stelling, and in dismissing the bill as to said Daniel C. Stelling, defendant." And appellant's counsel designated among the parts of the record necessary for the consideration of the errors upon which he intended to rely : "The decree of the Circuit Court sustaining the demurrer and dismissing the bill of complaint as to Daniel C. Stelling."

So far as appears the case stands at issue below as to the defendants other than Stelling, and the whole cause has not been finally determined in the Circuit Court. It cannot be divided so as to bring up successively distinct parts of it, and the decree is not a final decree.

It may be that if the order of the Circuit Court were affirmed appellant would abandon further effort against the other defendants, while it is clear enough that if the order were reversed the case would be proceeded in against them all; but it is useless to speculate on the subject, as this appeal manifestly falls within the general rule.

In *Mendenhall* v. *Hall*, 134 U. S. 559, the suit was brought by Mendenhall against Clark N. Hall and Charles F. Hall. Charles F. Hall demurred and filed a special plea to the bill. Clark N. Hall also demurred. The demurrer and plea of Charles F. Hall were both sustained, and by a decree entered May 13, 1885, the bill was dismissed as to him. The demurrer of Clark N. Hall was overruled, and he answered, and the cause went to decree against him April 14, 1886. An appeal was taken to this court by the plaintiff, who executed an appeal bond which ran "to the defendants." Charles F. Hall was not served with notice of the appeal, and when the case was reached on our docket and that fact appeared, a citation was directed to be served upon him, or, if he was dead, upon his representative. The citation was executed upon his widow, who was also administratrix of his estate. On the argument here, it was suggested that no appeal had been taken as to Charles F. Hall, and that this court was without jurisdiction over the case as to him, but we held that the appeal brought before us not only the final decree of 1886, but also that of 1885, sustaining the

demurrer and plea of Charles F. Hall and dismissing the suit as to him, and that it was not necessary to take an appeal from the latter order until after the whole case was determined in the court below.

In *Hill* v. *Chicago & Evanston Railroad*, 140 U. S. 52, a decree had been rendered June 8, 1885, dismissing a bill as to certain parties for want of equity, and denying relief to complainant upon all matters and things in controversy except as to an amount of money paid by one of the defendants, and for the purpose of ascertaining that amount the case was retained as to some of the defendants, which finally resulted in a decree, July 14, 1887, as to that severable matter. It was held that, under these circumstances, the decree of June 8, 1885, was a final decree as to all matters determined by it, and that its finality was not affected by the fact that there was left to be determined a further severable matter, in respect of which the case was retained only as against the parties interested in that matter. An appeal had been prayed from the decree of June 8, 1885, but the transcript of the record not having been filed here at the next term after the appeal was taken, it was, on motion, dismissed. *Hill* v. *Chicago & Evanston Railroad*, 129 U. S. 170.

This decree cannot, however, be brought within the exception created by the peculiar circumstances of that case.

As the order upon the demurrer did not dispose of the whole case, the decree is not final, and we cannot entertain jurisdiction.                                      *Appeal dismissed.*