## MENGE v. WARRINER.

(Circuit Court of Appeals, Fifth Circuit. February 17, 1903.)

### No. 1,175.

1. APPEAL—FINALITY OF JUDGMENT—RULE GOVERNING IN FEDERAL COURTS.
 The question of the finality of a judgment or decree for the purpose of review by writ of error or appeal in the federal courts is not affected by the procedure in the state courts, but is governed by the rules established by federal legislation, and by decisions of the federal courts.

2. SAME—JUDGMENT OF DISMISSAL AS TO ONE DEFENDANT.
 In the federal courts an appeal or writ of error will not lie, in general, unless there has been a final disposition of the case as to all parties. A judgment of dismissal as to one of several defendants sought to be jointly charged is not final, so as to permit an appeal or writ of error while the action is still pending as to the other defendants.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

Frank E. Rainold, for plaintiff in error.
Henry P. Dart and Benj. W. Kernan, for defendant in error.

Before PARDEE and SHELBY, Circuit Judges.

¶ 1. See Courts, vol. 13, Cent. Dig. § 937.

¶ 2. What decrees are final, see note to Brush Electric Co. v. Electric Imp. Co. of San José, 2 C. C. A. 379.

SHELBY, Circuit Judge. This action was brought by Charles Menge, a citizen of Louisiana, against Elder, Dempster & Co., a corporation under the laws of Great Britain, and Matthew Warriner, a subject of Great Britain, residing in New Orleans. It is a suit to recover damages for personal injuries alleged to have been received by the plaintiff. It is alleged in the petition that both defendants are liable in solido to the plaintiff, and the prayer is for judgment against both defendants for $25,000. The defendants separately filed exceptions to the petition, averring that the petition showed no cause of action against them. The exceptions were tried, and the court, on April 7, 1902, "ordered that the exceptions of Matthew Warriner be sustained, and that the suit as to him be dismissed, but that the exceptions of Elder, Dempster & Co. be overruled"; and time was allowed for answer. On April 16, 1902, the defendant Elder, Dempster & Co., filed an answer, denying the allegations of the petition. On May 27, 1902, the case was, by order of the court, continued till November 19, 1902. On June 4, 1902, the plaintiff, Charles Menge, applied to the Circuit Court for a writ of error, which was allowed on that day.

It will be seen from the foregoing statement that the action was brought against two defendants; that the demurrer of one of them was sustained and the action dismissed as to him; that the other defendant answered; and while the case was pending for trial on the issues joined by one defendant, the plaintiff sued out a writ of error to review, in this court, the judgment dismissing the suit as to the other defendant.

By section 6 of the judiciary act of March 3, 1891 [U. S. Comp. St. 1901, p. 549] this court has jurisdiction if there has been a "final decision" in the Circuit Court. 26 Stat. 828. The question of the finality of a judgment or decree for purposes of review by writ of error or appeal in the federal courts is not affected by the procedure in the state courts, but must be governed by the rules established by federal legislation and by the decisions of the federal courts. The Chateaugay Company, Petitioner, 128 U. S. 544, 9 Sup. Ct. 150, 32 L. Ed. 508; Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 997; Andes v. Slauson, 130 U. S. 435, 9 Sup. Ct. 573, 32 L. Ed. 989.

In United States v. Girault, 11 How. 21, 13 L. Ed. 587, a judgment was had in the United States Circuit Court in favor of some of the defendants, but the case left undecided as to one defendant. The plaintiff sought to review the judgment by writ of error. The Supreme Court dismissed the case for want of jurisdiction, holding that the judgment was not final. In Hohorst v. Packet Company, 148 U. S. 262, 13 Sup. Ct. 590, 37 L. Ed. 443, a bill in equity was filed against several defendants. It was dismissed as to one defendant, but, so far as the record disclosed, was left pending against the others. It was held by the Supreme Court, the chief justice delivering the opinion, that the decree of dismissal was not final, so as to support an appeal.

It may be stated as a general rule that an appeal or writ of error will not lie unless there has been a final disposition of the case as to all parties; and that a judgment of dismissal as to one of several

defendants sought to be jointly charged is not final, so as to permit an appeal or writ of error. 1 Freeman on Judgments (4th Ed.) §§ 27, 34; 2 Cyc. 588, 589. There are, of course, exceptions to the rule, which tend to illustrate its meaning, but which we need not discuss. Standley v. Roberts, 8 C. C. A. 305, 59 Fed. 837; Hill v. Chicago, etc., R. R., 140 U. S. 52, 11 Sup. Ct. 690, 35 L. Ed. 331; Withenbury v. U. S., 5 Wall. 819, 18 L. Ed. 613.

It is not the purpose of a writ of error to bring up the case piecemeal. It is not so used as to leave the case partly in one court and partly in another. It does "not authorize the court below to send up the case unless all the matters between all the parties to the record have been finally disposed of. The case is not to be sent up in fragments, by a succession of writs of error." U. S. v. Girault, 11 How. 21, 32, 13 L. Ed. 587.

The suit is still pending and undetermined in the court below. The judgment of dismissal as to one defendant is not a final judgment within the meaning of the law allowing the writ of error. When the case is finally disposed of, it can be reviewed as to all questions properly reserved. The writ must be dismissed for want of jurisdiction.

Dismissed.