## In re DIAMOND.

(Circuit Court of Appeals, Second Circuit. December 4, 1906.)

### No. 44.

1. BANKRUPTCY—COURT OF BANKRUPTCY—POWER TO AMEND PRIOR ORDERS.

A court of bankruptcy has power to amend an order of discharge at any time before the proceedings in the case have been closed provided such amendment will not affect vested rights.

2. SAME—DISCHARGE—PARTNERSHIP DEBTS.

Partnership creditors may prove their claims against the estate of a bankrupt partner, although entitled to share only in the surplus of his estate after his individual creditors have been paid, and where their debts have been scheduled, and they have had due notice of the proceedings, the bankrupt is entitled to a discharge from such debts as well as his individual debts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 778.]

Petition to Review Order of the District Court of the United States for the Southern District of New York.

This cause comes here upon petition to review an order made by the District Court, Southern District of New York, amending the order of adjudication and petition and order for discharge, so as to discharge the bankrupt from his debts as member of a partnership, as well as from his individual debts. The original schedule enumerated all the firm creditors, who had due notice of all proceedings.

Sol. J. Frendenheim, for petitioner.

E. J. Myers, for respondent.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The amendments were such as the District Court had power to make, and the case seems a proper one for the granting of the relief prayed for. See In re Kaufman (D. C.) 136 Fed. 262, in the conclusion and reasoning of which we fully concur. The petitioning creditor contends that the case cited was erroneously decided because it held that firm creditors might present their claims against the individual bankrupt, whereas this court in Re Janes, 133 Fed. 912, 67 C. C. A. 216 held that "such proof could not be made." This is a misreading of our decision in the Janes Case. We did not hold that such claims might not be made—indeed section 5f, Bankr. Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3424], evidently contemplates that they may be made—but only that when creditors of a partnership and creditors of an individual member thereof had proved their claims, they should not all share alike in the individual estate, that the individual creditors should first be paid from the individual estate, and that it was the surplus only, if any there were after such payment, which could be marshaled for distribution to the firm creditors.

The order is affirmed.