McGILL et al. v. COMMERCIAL UNION ASSUR. CO., LIMITED, OF LONDON, ENGLAND.

(Circuit Court of Appeals, Fourth Circuit. April 14, 1925.)

No. 2321.

1. Pleading ⚖=127(2)—Insurer's answer .and cross-bill in action against two companies held in legal effect an admission of liability if other company was not liable.

In action against two insurance companies, one company, by answer and cross-bill basing alleged consent of insured to surrender of its policies on agent's statement that valid policy of other company had been issued before the fire, *held* in legal effect to admit liability if other company was not liable.

2. Appeal and error ⚖=79(2)—Decree of dismissal as to one of two defendants held final appealable decree, in view of other defendant's admission of liability if first defendant was not liable.

In action against two insurance companies, in which one company's answer and cross-bill in effect admitted that it was liable if second company was not liable, decree dismissing bill as to second company *held* a final appealable decree.

**3. Insurance ⬤═►136(1)—Insurer held not liable when policies not delivered and old policies not canceled until after loss.**

Where policies were to be issued on cancellation of policies in another company, and new policies were not delivered or required notice to cancel the old policies given, until after loss, insured's waiver of notice, or express agreement with agent for the substitution, could not then make new policies binding.

Appeal from the District Court of the United States for the Western District of South Carolina, at Greenville; Henry H. Watkins, Judge.

Suit by John A. McGill and another against the Commercial Union Assurance Company, Limited, of London, England, and the Home Insurance Company of New York, in which the last-named defendant filed a cross-bill. Decree dismissing first-named defendant, and plaintiffs and last-named defendant appeal. Affirmed.

Thomas C. Guthrie, of Charlotte, N. C. (Hood & Hood and Watkins & Prince, all of Anderson, S. C., and Charles W. Tillett, of Charlotte, N. C., on the brief), for appellants.

T. A. Hammond, of Atlanta, Ga. (Smith, Hammond & Smith, of Atlanta, Ga., and Haynsworth & Haynsworth, of Greenville, S. C., on the brief), for appellee.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WOODS, Circuit Judge. The bill makes substantially these allegations:

The plaintiff McGill was the owner of a dwelling and outbuildings and furniture in the dwelling, and also grain and hay in the outbuildings, situated upon his farm near Anderson, S. C. At the time of the purchase of the land and buildings by McGill, the plaintiff McCully held a mortgage thereon to secure notes for about $24,000, and the conveyance to McGill was made subject to the incumbrance. McCully indorsed the notes and mortgage to the plaintiff the Bank of Anderson as collateral security for a loan of approximately the same amount as the notes. On August 8, 1922, the defendant the Home Insurance Company of New York, through its agent at Anderson, issued a policy of insurance to the plaintiff McGill insuring for $28,150 the dwelling and outbuildings and furniture against loss by fire. To this policy, numbered C–28, was attached as a part thereof a provision whereby any loss upon the buildings by fire was payable to the mortgagee as his interest might appear. The policy was delivered to McCully, the

mortgagee, and by him delivered to his assignee, the Bank of Anderson. On the same date that this policy was issued, the Home Insurance Company issued through the same agent another fire insurance policy for $2,500, insuring the hay and grain in the outbuildings. Both policies were for the term of one year, and provided that the company might cancel them upon five days' notice to the insured and ten days' notice to the mortgagee.

On September 29, 1922, a fire occurred which damaged the buildings covered by policy No. C–28 to the extent of $13,000 and the furniture and other property insured under that policy to the extent of $4,000. The damage to the hay and grain covered by policy No. 3555 was $790.95. On the morning of September 30, 1922, the plaintiff McGill went to the office of Johnson, the Home Insurance Company's local agent, and notified him of the fire and the damage resulting.

The agent told McGill that by instruction of the Home Company he had canceled the policies in the Home Company on September 27, 1922, several days before the fire and had substituted for them a policy in the Commercial Union Assurance Company. On request of Johnson, the insurance agent, McGill handed him policy No. 3555 covering the hay and grain. As to policy No. C–28, McGill referred the agent to the bank which held it as mortgagee. The bank refused the request of the agent to surrender that policy. The Home Company insists that its policies were canceled before the fire and that the plaintiffs must look to the Commercial Union Company for payment of their loss. The Commercial Union Company denies liability, averring that the policy issued in its name was invalid. The policy of the Commercial Union Company limits the time for suit to a year after the fire. On these allegations, plaintiffs asked the court of equity to determine the rights of the several parties.

The answer and cross-bill of the Home Insurance Company is in general accord with the bill. Its detailed statement of the circumstances of the alleged cancellation of its policies and the alleged substitution by Johnson of the policy of the Commercial Union Company is in substance as follows:

A special agent of the Home Company, after inspection of the McGill property, on September 20, 1922, instructed Johnson, the local agent, to cancel its policies. On September 27, 1922, one Lewis, a special agent of the Commercial Union Company, inspected the property and instructed Johnson, who

was also its agent, to issue its policy for the same amount on the same property. Johnson wrote the policy in the Commercial Union as directed and sent a report, known as a daily report, of the policy in due course to the Commercial Union Company and entered it on the register of that company kept in his office. After the fire Johnson made known his action to McGill, who surrendered to him the Home policy on the hay and grain, and undertook to get the policy on the buildings and furniture from the bank and surrender it to the agent of the Home Company. Thus McGill is alleged to have ratified the cancellation of the policies of the Home Company and accepted as a substitute the policy of the Commercial Union Company. Shortly afterwards, McGill stated that the bank had refused to surrender the policy in the Home Company held by it as mortgagee. Johnson reported the fire to the Commercial Union Company on September 30, 1922, as a loss on its policy, and that company authorized an adjustment bureau to adjust the loss. The policy was listed by Johnson in his regular monthly report to the Commercial Union Company, and the premium was included in his settlement check. The Commercial Union made no denial of its liability until its representative some days after the fire ascertained that the bank had refused to surrender its policy in the Home Company. The Home Company pleads these facts as cancellation of its policies and release of it from liability, and the issue of the valid policy of the Commercial Union Company under which that company only is liable to the plaintiffs. It further avers that if the court should hold it liable to the Bank of Anderson, mortgagee, it is entitled to be subrogated to the rights of McGill in any judgment he may recover against the Commercial Union Company.

Without answering, the Commercial Union Company moved to dismiss the bill as to itself on these grounds: The plaintiffs have a plain and adequate remedy at law; there is no equity in the bill; there is a misjoinder of the parties plaintiff and parties defendant; the allegations of the bill show a cause of action at law against the Home Company on its policies and no cause of action against the Commercial Union Company. The District Court sustained all these grounds and decreed that the bill be dismissed as to the Commercial Union Company.

[1, 2] The appellants are met here by the objection that the appeal must be dismissed because there was no final decree of the District Court. By its answer and cross-bill the Home Company in legal effect admitted itself to be liable if the Commercial Union Company was not, for the alleged consent of McGill to surrender the Home policies, if given, was based on Johnson's statement that the valid policy of the Commercial Union Company had been issued before the fire and stands or falls with that statement. There is no pretense that the bank ever agreed to waive its right to notice of cancellation or substitution of the Commercial Union Policy. It seems perfectly clear therefore that the decree dismissing the bill as to the Commercial Union Company on the ground that it had never issued a valid policy was also an adjudication that the Home Company had not canceled its policy and that it was liable. Thus under the pleadings the decree of the District Court adjudicated the only litigated issue in the case and was a final decree. The case falls clearly under Hill v. Chicago, etc., R. R., 140 U. S. 52, 11 S. Ct. 690, 35 L. Ed. 331, as distinguished from Bank of Rondout v. Smith, 156 U. S. 330, 15 S. Ct. 358, 39 L. Ed. 441. Any possible doubt that this was the effect of the decree of the District Court and that it was understood by the Home Company to find it liable to the plaintiffs is removed by the stipulation of that company filed here that the decree should be so treated, and a formal decree should be entered against it in favor of the plaintiffs for the amount claimed in the event that this court should sustain the decree of the District Court in favor of the Commercial Union Company. See Thomsen v. Cayser, 243 U. S. 66, 83, 37 S. Ct. 353, 61 L. Ed. 597, Ann. Cas. 1917D, 322. Under these circumstances the dismissal of the appeal for lack of finality of the decree of the District Court would be to prolong the litigation and subject the parties to useless expense and delay for the sake of a shadow.

The Home Company did not ask for a dismissal of the bill in the District Court; on the contrary, in that court and in this court it earnestly contended that the bill in equity was properly filed, that there was no misjoinder of parties or causes of action, and that under the facts it was proper for the plaintiffs to bring both insurance companies into one suit and have the court determine which company was liable. We are relieved, however, of the duty of deciding this interesting question of pleading and practice because the Home Company has waived all questions of misjoinder and actively submitted itself to the jurisdiction of the court of equity. The question falls out of the case as to the defendant the Commercial Union

Company, because we are of the opinion that on the merits neither the bill filed by the insured nor the answer and cross-bill of the Home Company, nor both taken together, state any cause of action against the Commercial Union Company.

[3] The Home Company was liable to the insured at the time of the fire because notice of cancellation of the policies required by the contract of insurance had not been given. Taking all of the allegations of the pleadings most strongly against the Commercial Union Company, they amount to nothing more than this: Its agent had been instructed to issue its policy on the property upon the cancellation of the Home Company's policies. The Home Company's policies had not been canceled at the date of the fire because the required notice to owner and mortgagee had not been given, nor had the policy of the Commercial Union Company been delivered and accepted in place of them. There was no intention of any of the parties that there should be double insurance. Evidently neither waiver by the insured in favor of the Home Company nor even an express agreement between the agent and the insured for cancellation of the Home Company's policies and substitution of the Commercial Union policy after the fire could bind the latter company, because its policy was to be issued upon property in existence, and after the cancellation of the policies of the Home Company.

The decree of this court will be that the decree of the District Court be affirmed, and that the case be remanded to that court with instructions to enter judgment in favor of the plaintiffs against the Home Insurance Company for the amount claimed.

Affirmed.