**LOCKHART v. NEW YORK LIFE INS. CO. et al.**

**No. 3617.**

Circuit Court of Appeals, Fourth Circuit.

June 11, 1934.

Isaac C. Wright, of Wilmington, N. C. (Butler & Butler, of Clinton, N. C., on the brief), for appellant.

George Rountree, Jr., of Wilmington, N. C. (Rountree, Hackler & Rountree, of Wilmington, N. C., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal in an action on two policies of life insurance instituted against the New York Life Insurance Company and one of its local agents, C. L. Dickinson, in the superior court of Pender county, N. C., and removed by the insurance company into the District Court of the United States for the Eastern District of that state. A motion by plaintiff to remand was denied, and a demurrer to the complaint on the part of the defendant Dickinson was sustained. It does not appear that any order dismissing the action as to Dickinson was entered. This appeal was taken by plaintiff from the order sustaining the demurrer; and error is assigned not only with respect to this order, but also with respect to the one denying the motion to remand the case to the state court.

It is well settled that an order which merely sustains a demurrer, and does not finally terminate the action in which it is entered, is not appealable. Missouri & Kansas Interurban R. Co. v. City of Olathe, 222 U. S. 185, 32 S. Ct. 46, 56 L. Ed. 155; Heirs of De Armas v. U. S., 6 How. 103, 105, 12 L. Ed. 361; Dickinson v. Sunday Creek Co. (C. C. A. 4th) 178 F. 78; Dyar v. McCandless (C. C. A. 8th) 33 F.(2d) 578; J. W. Darling Lumber Co. v. Porter (C. C. A. 5th) 256 F. 455; In re Diamond (C. C. A. 2d) 149 F. 407; 2 R. C. L. 43; 3 C. J. 481. The order here did not terminate the action even as against the defendant Dickinson. As said in Heirs of De Armas v. U. S., supra, it "appears to be still pending in the District

Court; and the objections upon which the court decided against the petitioners (plaintiffs) might be removed * * * by an application to the court for leave to amend."

█ No appeal was taken from the order refusing to remand the case; and no appeal could have been taken therefrom, as the order was not final and appealable. Bender v. Pennsylvania Co., 148 U. S. 502, 13 S. Ct. 640, 37 L. Ed. 537; Arthur v. Edmunds (C. C. A. 5th) 66 F.(2d) 21; Klein v. Wilson & Co. (C. C. A. 3d) 7 F.(2d) 777; Thomas v. Great Northern R. Co. (C. C. A. 9th) 147 F. 83; Patten v. Cilley (C. C. A. 1st) 50 F. 337.

█ Even if the order sustaining the demurrer were treated as dismissing the action as against Dickinson, it would not be such a final judgment as would justify an appeal. Without passing upon the question as to whether a judgment dismissing an action as to one of several defendants against whom separable causes of action have been alleged is final as to that defendant, so as to justify an appeal in advance of the termination of the action against the other defendants (see Curtis, Receiver, v. Connly, 257 U. S. 260, 42 S. Ct. 100, 66 L. Ed. 222; Hill v. Chicago & Evanston R. Co., 140 U. S. 52; McGill v. Commercial Union Assur. Co. (C. C. A. 4th) 5 F.(2d) 589), we observe that the case here is not of that character. The complaint sought to hold both defendants liable on the policies of insurance. A cause of action was alleged against the insurance company on the policies of insurance; and with this there were allegations of fact against Dickinson with an averment that because of the facts alleged Dickinson as well as the company was indebted to plaintiff on the policies. That the court held that no cause of action was alleged against Dickinson, and, in effect, that the joinder was fraudulent (see Wilson v. Republic Iron & Steel Co., 257 U. S. 92, 42 S. Ct. 35, 66 L. Ed. 144), does not change the fact that the purpose of the complaint was to allege a joint cause of action against Dickinson and the company. In such situation, a dismissal of the action against one of those whom plaintiff sought to hold jointly liable would not have been a final judgment from which appeal would lie to this court. Oneida Navigation Corp. v. W. & S. Job & Co., 252 U. S. 521, 40 S. Ct. 357, 64 L. Ed. 697; Bank of Rondout v. Smith, 156 U. S. 330, 15 S. Ct. 358, 39 L. Ed. 441; Hohorst v. Hamburg-American Packet Co., 148 U. S. 262, 13 S. Ct. 590, 37 L. Ed. 443; Cox v. Graves, Knight & Graves (C. C. A. 4th) 55 F.(2d) 217; Hew-

itt v. Charles R. McCormick Lumber Co. (C. C. A. 2) 22 F.(2d) 925; Menge v. Warriner (C. C. A. 5th) 120 F. 816; Carmichael v. City of Texarkana (C. C. A. 8th) 116 F. 845, 58 L. R. A. 911.

For the reasons stated, the appeal will be dismissed.

Appeal dismissed.