### FIELDS et ux. v. MUTUAL BEN. LIFE INS. CO.

### No. 4216.

Circuit Court of Appeals, Fourth Circuit.

Jan. 4, 1938.

560

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

Walter G. Sheppard, of Snow Hill, N. C., and J. Faison Thomson, of Goldsboro, N. C., for appellants.

Francis E. Winslow, of Rocky Mount, N. C. (Kemp D. Battle, of Rocky Mount, N. C., on the brief), for appellee.

PARKER, Circuit Judge.

This is an appeal by plaintiffs from an order dismissing the bill of complaint in so far as it asks affirmative relief against one of the defendants, the Mutual Benefit Life Insurance Company. The bill was filed to set aside the attempted conveyance of a tract of land under the powers of sale contained in certain deeds of trust, and to have the land declared the property of plaintiffs subject to the debts secured by the deeds of trust, with recovery of rents and profits, or, in the alternative, to recover the value of the land from the insurance company, if it should be held that the persons holding possession under deeds from that company were innocent purchasers. The only question which we need consider is whether an appeal lies from the order entered.

The bill alleges that the plaintiffs on March 1, 1924, executed a deed of trust on the land in question to Edward E. Rhodes, as trustee, to secure an indebtedness of $25,000 to the insurance company, subsequently executing deeds of trust on the same land to J. I. Morgan and John Hill Paylor as trustees to secure debts of $6,400 and $3,913.24, respectively, to Farmville Oil & Fertilizer Company and T. L. and W. J. Turnage Company; that, pursuant to a scheme to deprive plaintiffs of their property, Paylor as trustee conveyed the property on February 10, 1931, to the Farmers' Gin & Mill Company, an affiliate of the Farmers Oil & Fertilizer Company, without consideration and without advertisement or other compliance with the terms of the deed of trust, and that the gin and mill company held possession of the property for the year 1931, during which time its reasonable rental value was $5,000; that on January 16, 1932, Rhodes as trustee conveyed the property to the insurance company, but without giving the notices or otherwise conducting sale as required by the terms of the deed of trust appointing him; that the insurance company thereupon entered into possession of the property and remained in possession for the years 1932, 1933, and 1934, during which period its reasonable rental value was $24,500; and that in 1934 the insurance company conveyed a part of the property to Carl T. Hicks, president and a director of the oil and fertilizer company and also of the gin and mill company, and the remainder thereof to a Mrs. Walston, both of whom were alleged to have had knowledge of the defect in the title of the insurance company. It was also alleged that the land conveyed to Hicks was worth at the time $50,000 and that to Mrs. Walston $10,000.

The insurance company, the oil and fertilizer company, the gin and mill company, the three trustees under the various deeds of trust and the purchasers from the insurance company were all made parties defendant. The prayer was that the deeds from Paylor, trustee, to the gin and mill company, from Rhodes, trustee, to the insurance company, and from the insurance

company to Hicks and Mrs. Walston be declared void and of no effect, and that plaintiffs recover as rents and profits for the period that possession had been withheld from them $5,000 from the gin and mill company and the oil and fertilizer company and $24,500 from the insurance company. As alternative relief, in the event that either Hicks or Mrs. Walston should be held to be an innocent purchaser, plaintiffs prayed recovery against the insurance company for the value of the .lands as to which such holding should be made.

 From the foregoing statement it is perfectly clear that the order dismissing the bill, in so far as it asks affirmative relief against the insurance company, is not a final or appealable order. The prayer for alternative relief against that company no doubt presented a separable controversy which justified the removal of the cause into the federal court. See Cray, McFawn & Co. v. Hegarty, Conroy & Co., 2 Cir., 85 F.2d 516; Hudson v. Texas Gulf Sulphur Co., 2 Cir., 72 F.2d 251; Colleton Mercantile & Mfg. Co. v. Savannah Lumber Co., 4 Cir., 280 F. 358; Venner v. Southern Pac. Co., 2 Cir., 279 F. 832; Gainesville v. Brown-Crummer Co., 277 U.S. 54, 48 S.Ct. 454, 72 L.Ed. 781; Fritzlen v. Boatmen's Bank, 212 U.S. 364, 29 S.Ct. 366, 53 L.Ed. 551. But it by no means follows that a decree denying affirmative relief against that defendant was the final disposition of a matter not connected with the general subject of the remaining litigation, from which an appeal would lie to this court. Affirmative relief was prayed against the insurance company, not only with respect to the separable cause of action, i. e. for the recovery of the value of the land conveyed by it, but also in connection with the cause of action for the recovery of the land itself, in which the insurance company was jointly sued with the resident defendants. In neither cause of action was the affirmative relief against the insurance company asked as to a matter entirely separate and distinct from the other matters in litigation. Recovery of rents and profits, asked in connection with the joint as well as with the separable cause of action against the insurance company alone, would be appropriate only in the event the conveyances by the two defendant trustees should be held void. Recovery of the value of the land would be appropriate only in the event of this holding and of the further holding that the holders of the land, joined as defendants, were in-

nocent purchasers. The order dismissing the bill in so far as it asked affirmative relief against the insurance company, therefore, left the cause undetermined as to matters with respect to which that relief was asked and which will necessarily be determined in the further progress of the cause with respect to the insurance company as well as with respect to the other defendants.

In no aspect of the case, therefore, was the order appealed from "an adjudication final in its nature as to a matter distinct from the general subject of the litigation and affecting only the parties to the particular controversy," so as to be appealable without awaiting the termination of the general litigation, under the exception to the general rule laid down in United States v. River Rouge Improvement Co., 269 U.S. 411, 414, 46 S.Ct. 144, 145, 70 L.Ed. 339, and fully discussed in Rector v. United States, 8 Cir., 20 F.2d 845, 860. Nor was it a final decree in a severable matter not connected with the matter pending in the court between other parties, as in Hill v. Chicago & Evanston R. Co., 140 U.S. 52, 11 S.Ct. 690, 35 L.Ed. 331; Curtis v. Connly, 257 U.S. 260, 42 S.Ct. 100, 66 L.Ed. 222; Id., 1 Cir., .264 F. 650, or McGill v. Commercial Union Assur. Co., 4 Cir., 5 F.2d 589. On the contrary, it falls squarely within the condemnation of the general rule forbidding fragmentary appeals, well stated in Arnold v. Guimarin & Co., 263 U.S. 427, at page 434, 44 S.Ct. 144, 147, 68 L.Ed. 371, as follows: "It is well settled that a case may not be brought here by writ of error or appeal in fragments; that to be reviewable a. judgment or decree must be not only final, but complete, that is, final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved; and that if the judgment or decree be not thus final and complete, the writ of error or appeal must be dismissed for want of jurisdiction. Hohorst v. Packet Co., 148 U.S. 262, 264, 13 S.Ct. 590, 37 L.Ed. 443; Collins v. Miller, 252 U.S. 364, 370, 40 S.Ct. 347, 64 L.Ed. 616; Oneida Navigation Corporation v. Job & Co., 252 U.S. 521, 522, 40 S.Ct. 357, 64 L.Ed. 697; and cases therein cited." See, also, National Bank of Rondout v. Smith, 156 U.S. 330, 15 S.Ct. 358, 39 L.Ed. 441; Lockhart v. New York Life Ins. Co., 4 Cir., 71 F.2d 684; Cox v. Graves, Knight & Graves, 4 Cir., 55 F.2d 217.

The appeal will accordingly be dismissed.

Appeal dismissed.