## ATWATER v. NORTH AMERICAN COAL CORPORATION et al.

### No. 224.

Circuit Court of Appeals, Second Circuit.

April 8, 1940.

Henry S. Miller, of New York City, for appellant.

Hodges, Reavis, Pantaleoni & Downey, of New York City (C. Frank Reavis and Martin D. Jacobs, both of New York City, of counsel), for appellees.

Before SWAN, CLARK, and PATTERSON, Circuit Judges.

PER CURIAM.

The plaintiff's complaint was in four counts. In each count the effort was made to charge the defendants with joint liability. On motion by the defendants to dismiss for failure to state a claim, the district court ordered the first and fourth counts dismissed as to the defendants Taplin and Larsen without leave to amend, and the first count dismissed as to the defendant North American Coal Corporation with leave to amend. The appeal is by the plaintiff from the order of dismissal.

We are of opinion that the appeal may not be entertained. With exceptions of no present importance, our appellate jurisdiction is limited to the review of final decisions. 28 U.S.C. Sec. 225, 28 U.S.C.A. § 225. A dismissal of a complaint by the district court with leave to the plaintiff to amend is not a final decision. Clark v. Kansas City, 172 U.S. 334, 19 S.Ct. 207, 43 L.Ed. 467; Western Electric Co. v. Pacent Reproducer Corporation, 2 Cir., 37 F.2d 14, 15; Cory Brothers v. United States, 2 Cir., 47 F.2d 607. So the dismissal of the first count as to the defendant North American Coal Company with leave to amend is not appealable. As to that defendant the action is still pending in the district court on all counts. Dismissal outright affected only two of the three defendants charged in common. The case thus falls within the rule that a judgment or order dismissing an action as to less than all of several defendants jointly charged is not a final decision for purpose of appeal. Hohorst v. Hamburg-American Packet Co., 148 U.S. 262, 13 S.Ct. 590, 37 L.Ed. 443; Bank of Rondout v. Smith, 156 U.S. 330, 15 S.Ct. 358, 39 L.Ed. 441; Menge v. Warriner, 5 Cir., 120 F. 816; Hewitt v. McCormick Lumber Co., 2 Cir., 22 F.2d 925; Bush v. Leach, 2 Cir., 22 F.2d 296; Fields v. Mutual Benefit Life Insurance Co., 4 Cir., 93 F.2d 559; Moss v. Kansas City Life Insurance Co., 8 Cir., 96 F.2d 108.

The situation in Collins v. Metro-Goldwyn Pictures Corporation, 2 Cir., 106 F.2d 83, was different. That was not a case where the dismissal touched some but not all defendants.

Appeal dismissed.

CLARK, Circuit Judge (concurring).

I concur in the dismissal of the appeal, but would add that the order below also lacked finality under Federal Rule 54 (b), 28 U.S.C.A. following section 723c, because it did not settle whatever legal claim the parties might have arising out of one transaction or occurrence, but only at most rejected two out of an asserted four legal theories as to such claim. Though there were four stated counts here, in effect these were only different legal ideas of recovery as to the one single matter involved. The district court's action in dismissing two counts against the trustees, while continuing the other two counts against them for amendment, was essentially futile, since after trial judgment must be given according to the right of the case, whether the correct legal theory has been presented or not, Rules 15(b) and 54(c), and hence the defendants have obtained nothing of substance by the partial dismissal below. At any rate, the new rules make it clear that it is not differing legal theories, but differing occurrences or transactions, which form the basis of separate units of judicial action. Cf. Rules 10(b), 13(a) and (g), 15(c), 54(b); 1 Moore's Federal Practice 145-147, 160-168. And that, it seems to me, and as I there stated, is the real ground upon which Collins v. Metro-Goldwyn Pictures Corp., 2 Cir., 106 F.2d 83, 86, is to be placed.