Matter of **ANDREANA CLASSICS,** a co-partnership consisting of **Murray Cutler, Charles Cutler** and **Max Wattenberg, Bankrupt.**

United States District Court
S. D. New York.

Oct. 6, 1955.

Otterbourg, Steindler, Houston & Rosen, New York City, for trustee for Andreana Classics.

Gustave A. deLemos, New York City, for Murray Cutler, Bankrupt.

IRVING R. KAUFMAN, District Judge.

Petitioner moves pursuant to Title 11, United States Code Annotated, § 55, sub. a, to transfer into this court and consolidate with the above entitled bankruptcy proceedings, proceedings now pending in the Eastern District in which Murray Cutler, a member of the partnership, has been adjudged a bankrupt. Petitioner is Trustee in Bankruptcy of Andreana Classics, a partnership consisting of Murray Cutler, Charles Cutler and Max Wattenberg, which partnership was duly adjudged a bankrupt on April 1, 1954, in involuntary proceedings in this court. The petition in the partnership bankruptcy was not directed against any one of the individual members of the partnership nor was there any attempt to join them. This proceeding is still

pending. On July 27, 1955, Murray Cutler filed a voluntary petition in bankruptcy in the United States District Court for the Eastern District of New York and was duly adjudicated a bankrupt on that date.

Petitioner now asks this court to assert its authority as the court first acquiring jurisdiction in these allegedly related matters to transfer the individual proceeding from the Eastern District and order it consolidated with the partnership proceeding in the Southern District. Petitioner avers that this will be "for the greatest convenience of parties in interest."[1]

■■ Although the statute uses the mandatory language "shall transfer", the courts have construed the section as giving them discretion to determine if the convenience of the parties will be served by transfer.[2] Assuming, therefore, that the language of the statute is broad enough to give power to consolidate in the situation here,[3] the exercise of that power remains in the discretion of the transferring court.

■■ In the instant case, petitioner's two main contentions in support of the transfer and consolidation are that it would be more convenient to have the partners examined by a single referee, and that there will probably be the need for marshalling assets and that such administration would be more feasible if handled by one referee rather than two. The short answer to the first contention is that the partnership was adjudged

bankrupt on April 1, 1954, and the partnership creditors have had ample time to examine Murray Cutler in the partnership proceeding. Since these creditors have had and still do have opportunity to examine Murray Cutler, and since there can be little travel inconvenience between the Southern and Eastern Districts of New York, petitioner should have a more compelling reason for requesting a transfer and consolidation in light of the individual's right to have a speedy disposition of his bankruptcy petition.[4]

Petitioner's second contention is that marshalling of assets will be involved. Murray Cutler has personal debts amounting to approximately $24,285.77 over and above the debts he acquired as a member of the partnership. His sole asset is his single family dwelling house in which he is a tenant by the entirety with his wife. There is an $11,500 mortgage on the house, and no definite value is assigned to his share in it in his Schedule of Assets. The partnership, Andreana Classics, has liabilities amounting to approximately $99,200 and the trustee has on hand the sum of $9,965.21 which represents the expected total realizable amount from the partnership assets. These figures plainly indicate that the possibility of any problem of marshalling assets is too remote to stand as sufficient reason in itself for consolidating the causes. Any surplus assets of Murray Cutler, if any exist, can be turned over to petitioner and

---

1. 11 U.S.C.A. § 55, sub. a.

3. The statute speaks of petitions "filed by or against the same person or by or against different members of a partnership", 11 U.S.C.A. § 55, sub. a, and does not specifically deal with the situation where a partnership bankruptcy is pending in one court, and a member partner's bankruptcy is pending in another. The practical reasons impelling passage of such a statute, however, would lead to the conclusion that the power exists in this situation to transfer in the interest of convenience and justice.

4. An individual member of a partnership has a right to rid himself of his individual debts and any liabilities which may exist against him personally as a member of the partnership. In re Julian, D.C. M.D.Pa.1938, 22 F.Supp. 97; In re Diamond, 2 Cir., 1906, 149 F. 407.

Murray Cutler can be individually discharged as indeed was Charles Cutler, another partner.

Motion denied. So ordered.