## UNITED STATES v. WAGNER MILK PRODUCTS, Inc.

### Civil Action No. 45 C 28.

District Court, N. D. Illinois, E. D.

July 18, 1945.

J. Albert Woll, U. S. Atty., and J. P. Lulinski, Asst. U. S. Atty., both of Chicago, Ill., for plaintiff.

Grablowski & Kanak, of Chicago, Ill., for defendant.

LA BUY, District Judge.

This action is brought under the provisions of the Agricultural Marketing Agreement Act of 1937, 50 Stat. 246, 7 U.S.C.A. § 601 et seq. This court has jurisdiction under said Act to enforce, and to prevent and restrain violations of any order issued by the Secretary of Agriculture of the United States. All powers and functions of the Secretary of Agriculture were transferred to the War Food Administration, under Executive Order No. 9322, issued on March 26, 1943. This included the administration and enforcement of the Agricultural Marketing Agreement Act of 1937, and this suit was instituted at the request of the War Food Administrator.

The defendant is engaged in handling milk in the Chicago, Illinois, Milk Marketing Area and was during the times referred to in the complaint a "handler" of milk in that area as defined in Sec. 941.1(a) (5) of Order No. 41 as amended. The complaint so alleges and further alleges that this

action was brought to enforce the provisions of Order No. 41 as originally issued and as subsequently amended, regulating the handling of milk in the Chicago, Illinois, Marketing Area, which is in the current of interstate commerce, or which directly burdens, obstructs or affects interstate commerce in milk or its products.

Under Sec. 941.3(a) of said Order No. 41, as amended, the market administrator in accordance with Sec. 941.8(d) of said Order, computed and rendered to the defendant a statement of its account with the producer-settlement fund for the delivery period, December, 1941, and for each monthly delivery period commencing April 1, 1943, and ending January 31, 1944, and on the basis of said reports, the defendant is indebted to the market administrator for the producer-settlement fund $3,804.60 for the delivery periods above referred to, which defendant has failed to pay; that pursuant to Sec. 941.3(b) of said Order No. 41, as amended, the market administrator audited the books and records of the defendant for the delivery periods beginning November 1, 1942, and ending January 31, 1944, and such audit disclosed errors in the reports of the defendant of its receipts and utilization of milk and errors in payments to the producer-settlement fund, and the market administrator in accordance with the provisions of Sec. 941.8 (g) of said Order No. 41, as amended, billed the defendant with the amounts unpaid by the defendant as shown by said audit adjustments, and that the defendant owes the market administrator the additional sum of $7,055.10 for the delivery period referred to.

The complaint further sets up an indebtedness of the defendant of $244.91 for its pro rata share of the expense of administrator of said Order for the delivery period commencing April 1, 1941, and ending January 31, 1944, and an indebtedness of defendant amounting to $284.54 for marketing services from April 1, 1943 and ending January 31, 1944.

The complaint requests that an injunction issue mandatorily enjoining and commanding the defendant to comply with the provisions of Order No. 41, as amended, by forthwith paying all sums found to be due and owing from the defendant to the market administrator for the delivery periods referred to in the complaint.

The defendant has filed its motion to strike the complaint on the ground (a) that the complaint fails to state a cause of action upon which relief can be granted, (b) that the War Food Administrator of the United States has no authority under the Act to bring this action, (c) that no mandatory injunction may issue as prayed, and (d) that the complaint is not under oath.

Under the rules of civil procedure in the Federal courts, all that is required is a short and plain statement of the claim showing that the pleader is entitled to relief. A complaint must allege sufficient facts to fairly apprise the defendant of the nature and basis of the asserted claim and the relief requested. Ultimate facts and details of evidence are not required to be shown. Continental Collieries, Inc. v. Shober, 3 Cir., 130 F.2d 631; Louisiana Farmers Protective Union v. Great Atlantic & Pacific Tea Co., 8 Cir., 131 F.2d 419; Dioguardi v. Durning, 2 Cir., 139 F.2d 774.

The complaint here sets forth the basis of the cause of action, the amounts due, and all pertinent facts sufficiently to fairly apprise the defendant of the nature of the claim asserted. It is true that the complaint does not set forth in details the audit of the books and records of the defendant, with an itemization of the errors in defendant's returns, but such particularity is not required. The defendant is in possession of its own books and records, and should be sufficiently familiar with the provisions of the Act so that it can accurately compute the amount actually due by it. There is no legal requirement that the plaintiff shall set forth all of the accounting by which the claimed indebtedness of the defendant is arrived at. If the defendant is unable to obtain the figures from its own books and records, it can take steps authorized by law to obtain such information.

The court is convinced that the complaint alleges such facts to fairly apprise defendant of the claims made and the relief sought.

The defendant further contends that the War Food Administrator has no legal authority to bring this action. An inspection of the record discloses that the action was instituted by the United States upon the request of the War Food Administrator. Under the original Act it was provided that an action such as the present action should be instituted "upon the request of the Secretary of Agriculture."

However, under the First War Powers Act, 1941, 55 Stat. 838, 50 U.S.C.A.Appendix § 601, et seq., the President of the United States was authorized "to make such redistribution of functions among executive agencies as he may deem necessary, including any functions, duties, and powers hitherto by law conferred upon any executive department, commission, bureau, agency, governmental corporation, office, or officer, in such manner as in his judgment shall seem best fitted to carry out the purposes of this title," and under that grant of power, the President of the United States issued Executive Order No. 9280 on December 5, 1942, 50 U.S.C.A.Appendix § 601 note, authorizing and directing the Secretary of Agriculture to assume full responsibility for and control over the nation's food program, and directing the consolidation of the functions of certain agencies of the Department of Agriculture, including the Agricultural Marketing Administrator, into an agency to be known as the Food Distribution Administrator. On March 26, 1943, the President issued Executive Order No. 9322, 50 U.S.C.A.Appendix § 601 note, by which all of the powers and functions of the Secretary of Agriculture under Executive Order No. 9280 were transferred to the War Food Administrator. This included the administration and enforcement of the Act, and it was specifically provided that such transfer shall not be subject to challenge of any third party affected by the exercise of the power on the ground that the action was within the jurisdiction of the Secretary of Agriculture rather than the War Food Administrator. Under these conditions the suit was properly brought upon request of the War Food Administrator and the contention of defendant to the contrary is not well founded and should be overruled.

The defendant further contends that the issuance of a mandatory injunction is not warranted under the allegations of the complaint. Jurisdiction is vested in this court under the Act to specifically enforce and to prevent and restrain any person from violating any order, regulation, or agreement issued under the Act. In the case of United States v. Adlers' Creamery, Inc., 2 Cir., 110 F.2d 482, the court affirmed a decree which adjudged that the defendant be mandatorily enjoined and commanded to comply with an order issued under the Act, and particularly to pay to the Market Administrator the sum of $46,796.66, hold-ing that the claim that it was inequitable to grant a mandatory injunction to collect a past due debt must yield to the statutory provision of such a remedy. Under this authority the relief requested in this complaint may be enforced.

The defendant further contends that the complaint should be verified. Under Rule XI of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, pleadings need not be verified. No temporary restraining order or relief prior to final hearing is requested by the plaintiff. Therefore, the complaint does not necessarily have to be verified.

The order of the court will be that the motion of the defendant to strike the complaint be overruled and a rule entered upon the defendant to file its answer herein.