**Raymond MOORE, Appellant,**

v.

**ST. LOUIS MUSIC SUPPLY COMPANY, INC., Appellee.**

No. 75–1787.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1975.

Decided Nov. 28, 1975.

Elbert Dorsey, St. Louis, Mo., for appellant.

Frank Hamsher, St. Louis, Mo., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

ORDER

St. Louis Music Supply Company moves this Court to dismiss the appeal of Raymond Moore for failure of the appellant to timely file his notice of appeal under Federal Rule of Appellate Procedure 4(a). We deny the appellee's motion but, nevertheless, dismiss the appeal without prejudice for failure of the District Court to enter judgment on a separate document pursuant to Federal Rule of Civil Procedure 58.

On July 23, 1975, the United States District Court for the Eastern District of Missouri dismissed the appellant's suit for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. On July 31, 1975, the appellant filed a motion styled "Motion to Reconsider the Order of Dismissal" which was denied by order entered August 15, 1975. The appellant filed his notice of appeal on September 4, 1975.

It is the contention of the appellee that the running of the time for appeal began on the entry of the Order of Dismissal, making the notice of appeal untimely within the thirty-day rule of Federal Rule of Appellate Procedure 4(a). That rule provides, however, that a timely motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) terminates the running of the time for appeal. The appellant's Motion to Reconsider the Order of Dismissal was such a motion. *See Ellis v. Richardson,* 471 F.2d 720, 721 (5th Cir. 1973) (per curiam); *Hicklin v. Edwards,* 222 F.2d 921, 922 (8th Cir. 1955) (per curiam); 9 Moore's Federal Practice ¶ 204.12[1] (1973). The denial of the mo-

tion to reconsider being on August 15, 1975, the notice of appeal filed September 4, 1975, was timely.

 The District Court has not, however, entered judgment on a separate document as required by Federal Rule of Civil Procedure 58. The instant appeal is thus premature. *McDonald v. Yellow Freight System,* No. 75–8176 (8th Cir. November 4, 1975); *Baity v. Ciccone,* 507 F.2d 717, 718 (8th Cir. 1974). Lacking jurisdiction to entertain the instant cause, it is dismissed without prejudice to the taking of an appeal upon the District Court's entry of judgment on a separate document.