SAMUEL C. ENNIS & COMPANY, INC., Samuel C. Ennis, Donald C. Gardner, John G. Phrommer, Herschel B. Davis, Charles Levin, Floyd R. Murray, Edmond J. Leeney, and Walter A. McLean, Plaintiffs,

v.

WOODMAR REALTY COMPANY, an Indiana Corporation, and Owen W. Crumpacker, Defendants.

No. 75 C 179.

United States District Court, N. D. Indiana, Hammond Div.

Jan. 28, 1981.

Galvin, Galvin & Leeney, Carl Carpenter, Charles Levin, William O'Connor, Hammond, Ind., Gilbert Gruenberg, Gary, Ind., for plaintiffs.

Richard A. Miller, Hammond, Ind., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge: *

Plaintiffs filed this action in 1975, seeking to restrain defendants herein from prosecuting against them an action brought in Indiana state court. *Woodmar Realty Co. v. Samuel C. Ennis & Company, Inc.,* Cause No. 174-479 (Lake Superior Court). The gravaman of the state court complaint is that the defendants therein—plaintiffs herein—conspired to procure payment of fraudulent claims against and to misappropriate the assets of Woodmar Realty while it was in bankruptcy from 1941 through 1969. In their complaint for injunctive re-

---

* On August 12, 1980, Owen W. Crumpacker, a defendant herein, named as defendants in a civil rights suit the judges of the United States District Court for the Northern District of Indiana. Crumpacker v. Civiletti, Hammond Civil No. H 80–451 (N.D.Indiana). As a result, the Honorable Allen Sharp, who originally presided over this action, as well as the other judges in this district have recused themselves pursuant to 28 U.S.C. § 455 from all litigation involving Owen Crumpacker. On September 16, 1980, the Honorable Thomas E. Fairchild, Chief Judge for the United States Court of Appeals for the Seventh Circuit, designated this Court pursuant to 28 U.S.C. § 292(b) as a special district court for the Northern District of Indiana for the purpose of presiding over this and other cases involving Owen Crumpacker.

lief, plaintiffs herein allege that the matters raised in state court were fully adjudicated during the course of the bankruptcy proceeding. On October 17, 1975, Judge Sharp dismissed the complaint on the ground that the Federal Anti-Injunction Statute, 28 U.S.C. § 2283, precludes the injunctive relief sought by plaintiffs. The Court of Appeals for the Seventh Circuit reversed, however, remanding the case "for further proceedings consistent with this opinion." *Samuel C. Ennis & Company, Inc. v. Woodmar Realty Co.*, 542 F.2d 45, 50 (7th Cir. 1976), *cert. denied*, 429 U.S. 1096, 97 S.Ct. 1112, 51 L.Ed.2d 543 (1977).

On November 4, 1977, Judge Sharp, on the authority of the Seventh Circuit opinion, granted plaintiffs' motion for summary judgment, and ordered that defendants bear the cost of the federal suit as well as refrain from litigating further the state court action. On November 14, 1977, defendants filed a motion for new trial pursuant to Fed.R.Civ.P. 59 or, in the alternative, for relief from judgment under Fed.R. Civ.P. 60(b). Plaintiffs responded by filing pursuant to Fed.R.Civ.P. 12(f) a motion to strike.[1] It is these latter two motions that bring the case before this Court.

■ As a threshold matter, plaintiffs' motion to strike questions whether defendants may seek a new trial under Rule 59, since Judge Sharp's order granting summary judgment terminated this action short of trial. Regardless of the label defendants chose to attach to this motion, however, the Court believes it evident that the motion in fact is one for reconsideration of the November 4, 1977, order. *Accord Dove v. CO-*

*DESCO*, 569 F.2d 807, 809 (4th Cir. 1978) (court treats a motion pursuant to Rule 60(b) to set aside a dismissal as a motion to reconsider, since it was filed within ten days of the judgment and called into question its legal correctness); *6A Moore's Federal Practice* ¶ 59.12[1] at 245 ("[a] party should not be bound at his peril to give the proper nomenclature to his motion; this would be a retreat to the strict common law.") Moreover, the overwhelming weight of the authority from this circuit and elsewhere treats a motion to reconsider a final order terminating an action prior to trial as within the appropriate scope of Rule 59(e). *See, e. g., United States Labor Party v. Oremus*, 619 F.2d 683, 687 (7th Cir. 1980) (motion to reconsider a judgment of dismissal); *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir.), *cert. denied*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979) (motion to reconsider a grant of summary judgment); *Moore v. St. Louis Music Supply Company, Inc.*, 526 F.2d 801 (8th Cir. 1978) (motion to reconsider judgments of dismissal and summary judgments); *Motteler v. J. A. Jones Construction Co.*, 447 F.2d 954, 955 (7th Cir. 1971) (motion to reconsider grant of summary judgment). Thus, since defendants filed the motion within ten days of the order granting summary judgment in an attempt to challenge the legal correctness of that judgment, the Court finds that it may consider the motion under Rule 59(e).

Turning to the merits of defendants' motion,[2] however, the Court concludes that none of the procedural or substantive errors alleged provide a basis for vacating the order granting summary judgment.

1. Defendants neither have filed memoranda of law in support of their motion nor have responded to plaintiffs' motion to strike, despite ample opportunity to do so. On November 21, 1980, the Court ordered that defendants file a memorandum in support of their motion by December 1, 1980. When defendants failed to meet that deadline, the Court on its own motion extended the date for filing a memorandum to January 9, 1981, with the caveat that this would be the final extension of time granted and that after January 9 the Court would consider the motion without the benefit of defendants' memorandum. Such a course is authorized by both Rule 13(b) of the Civil Rules for the Northern District of Illinois and Rule 7(b) of the Rules for the Northern District of Indiana.

2. The remainder of plaintiffs' motion to strike for the most part asserts that defendants' motion to reconsider is baseless, and thus in essence challenges the substance of their motion. For this reason, the Court will treat plaintiffs'

■ Procedurally, defendants raise four basic points. First, they contend that injunctive relief cannot issue because plaintiffs failed to verify their complaint. This argument, however, is factually incorrect, as plaintiff Herschel B. Davis indeed verified the complaint in this action. Moreover, the argument is legally incorrect. Although a verified complaint often is a necessity in seeking a temporary restraining order or a preliminary injunction, the federal rules do not require a verified complaint as a necessary predicate for permanent injunctive relief. *United States v. Wagner Milk Products*, 61 F.Supp. 635, 637 (N.D.Ill. 1945).

■ Second, defendants argue that Judge Sharp lacked jurisdiction to enter the summary judgment order because he failed to reinstate the complaint after the Seventh Circuit decision remanding the action to the trial court. This argument also is factually incorrect; by an order dated April 14, 1977, Judge Sharp vacated, pursuant to the Seventh Circuit opinion, his earlier order dismissing the action. He also ordered defendants to answer the complaint within twenty days. That defendants treated this as a reinstatement of the complaint is evident from defendant Owen W. Crumpacker's letter to Judge Sharp, dated May 10, 1977, in which he stated that "the defendants will act promptly in filing their answers."

■ Third, defendants assert that Judge Sharp granted summary judgment for plaintiffs without providing defendants notice and an opportunity to be heard. Again, this contention simply finds no support in the record. In his order of April 14, 1977, Judge Sharp ordered the parties to file a proposed order in accordance with the Seventh Circuit opinion. Twice defendants sought extensions of time for the filing of this proposed order; twice Judge Sharp granted the motions.[3] Finally, on August 11, 1977, after defendants for the third time had failed to meet the date for filing the proposed order, Judge Sharp ordered plaintiffs to file within twenty days a proposed order granting summary judgment and injunctive relief. Nearly three months later he issued his order granting summary judgment and injunctive relief. It is evident from the foregoing history that defendants had sufficient notice and opportunity to present their views with respect to the summary judgment motion. That they failed to avail themselves of this opportunity provides an inadequate basis for reconsideration of the summary judgment order.

■ Fourth, defendants contend that plaintiffs' failure to support their motion with affidavits and other extrinsic evidence rendered summary judgment inappropriate. The facts of record, however, are to the contrary. Plaintiffs' motion for summary judgment was accompanied by an affidavit by Herschel B. Davis as well as an appendix excerpting relevant portions of the bankruptcy proceeding. Moreover, it is clear that on remand Judge Sharp construed the Seventh Circuit opinion as resolving in favor of plaintiffs the critical issue in this case: whether the state court action involves matters already disposed of in the bankruptcy proceeding. And it is this substantive point that appears to be at the heart of defendants' motion to reconsider; they simply do not agree that the Seventh Circuit opinion disposes of the factual issues in this case. A careful reading of the Seventh Circuit opinion, however, fails to uncover any support for defendants' view.

■ The court of appeals expressly found that the allegations of fraud contained in the state court complaint all had been made "many years earlier in the bankruptcy proceeding," and "were fully litigated and re-

motion as a response in opposition to the motion to reconsider.

**3.** On May 10, 1977, Judge Sharp granted defendants until July 25, 1977, to submit the proposed order. When defendants once again failed to respond in a timely fashion, Judge Sharp again extended the deadline for filing, this time until August 4, 1977.

**140**

jected by the bankruptcy court." 542 F.2d at 48, 49. Thus, when the court held that the plaintiffs who had been parties to the proceeding in bankruptcy were, under principles of res judicata, "entitled to injunctive relief against relitigation of the issues decided in their favor by the bankruptcy court," *id.* at 49, it surely intended that these plaintiffs would be able to secure that relief on remand without being required to prove once again that the issues raised in the state court complaint in fact had been resolved during the bankruptcy proceeding. Similarly, in holding that those plaintiffs who had not been parties to the bankruptcy proceeding were, under principles of collateral estoppel, "entitled to an injunction against relitigation of those issues" resolved in that proceeding, *id.*, the court of appeals no doubt intended its decision to provide authority for the district court to grant injunctive relief without further proceedings. Indeed, that the Seventh Circuit considered its opinion dispositive of this case is evident from its decision that it was "unnecessary" to address plaintiffs' alternative argument in support of enjoining prosecution of the state action: that the proper party to assert any viable cause of action arising from alleged fraud would be a successor trustee and not the bankrupt party itself. *Id.* at 50 n.2.

Accordingly, upon reconsideration, the Court adheres to the November 4, 1977, order granting plaintiffs' summary judgment, injunctive relief, and costs in this action. It is so ordered.