812 F.2d 1407
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John MEYERS, Jr., Robert Sparks, Jr., Plaintiffs-Appellants,
v.
ACE HARDWARE, INC., Defendant-Appellee.
 No. 86-3308.
 United States Court of Appeals, Sixth Circuit.
 Jan. 19, 1987.
 
 Before KRUPANSKY, NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This matter has been referred to the panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 On April 4, 1986, appellant, Robert J. Affeldt, filed a notice of appeal from an order of the district court, entered March 6, 1986, which imposed sanctions against him pursuant to Rule 11, Federal Rules of Civil Procedure. Prior to the filing of the notice of appeal, however, appellant also served a motion formally styled as a "Rule 60(b)(1) Motion and Motion for Recusal" which the district court denied on May 6, 1986. Due to the fact that pursuant to Rule 6(a), Federal Rules of Civil Procedure, it had been served upon appellee within ten days of the district court's entry of judgment, this panel determined that the motion might be subject to construction as a time-tolling motion to alter or amend judgment under Rule 59(e), Federal Rules of Civil Procedure, thereby rendering the appeal premature. Rule 4(a)(4), Federal Rules of Appellate Procedure. Rather than ruling on that issue immediately, however, the panel instructed the parties to submit briefs regarding the question of this Court's jurisdiction. As those briefs have now been received and considered, the matter is once again before the Court for disposition.
 
 
 3
 Review of the relevant authorities indicates that this Court is included among the Circuits which have adopted the rule that a motion, howsoever styled, served within ten days of the entry of judgment which calls into question the correctness of that judgment and requests that it be set aside by the district court is to be treated as a motion to alter or amend under Rule 59(e), Federal Rules of Civil Procedure. Huff v. Metropolitan Life Insurance Company, 675 F.2d 119 (6th Cir.1982); Smith v. Hudson, 600 F.2d 60 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979). Accord Sutliff Inc. v. Donovan Companies, Inc., 727 F.2d 648 (7th Cir.1984); Vreeken v. Davis, 718 F.2d 343 (10th Cir.1983); Saint Paul Fire & Marine Insurance Company v. Continental Casualty Company, 684 F.2d 691 (10th Cir.1982); Miller v. Leavenworth-Jefferson Electric Cooperative, Inc., 653 F.2d 1378 (10th Cir.1981); Dove v. Codesco, 569 F.2d 807 (4th Cir.1978); Moore v. St. Louis Music Supply Company, Inc., 526 F.2d 801 (8th Cir.1975); Sonnenblick-Goldman Corp. v. Nowalk, 420 F.2d 858 (3rd Cir.1970). Examination of the motion pending before the district court at the time of the filing of the notice of appeal demonstrates that it clearly falls within the scope of this rule. First, pursuant to Rule 6(a), Federal Rules of Civil Procedure, the motion was served within ten days of the entry of judgment. Moreover, even though appellant sought to characterize his motion as primarily a motion to recuse, it is clear that the principal basis for the motion is appellant'scontention that the district court's judgment suffers from errors of both law and fact and should be modified accordingly. Such a contention forms the substance of a motion to alter or amend judgment under Rule 59(e), Federal Rules of Civil Procedure, and appellant's filing of a notice of appeal during the continued pendency of a Rule 59(e) motion was premature. Rule 4(a)(4), Federal Rules of Appellate Procedure. Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982).
 
 
 4
 It is therefore ORDERED that the appeal be and hereby is dismissed.