ACTION ELECTRIC, INC., Appellant,

v.

LOCAL 292, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS and Minneapolis Chapter, National Electrical Contractors Association, Appellees.

No. 87–5107.

United States Court of Appeals, Eighth Circuit.

Decided May 4, 1987.

---

**16**

Mary Jane Gooch, Tate and Alden Law Firm, Lincoln, Neb., Steven C. Miller, Minneapolis, Minn., for Action Electric, Inc.

David R. Hols, Felhaber, Larson, Fenlon & Vogt, Minneapolis, Minn., for National Electrical Contractors Assn.

Stephen D. Gordon, Gordon, Miller & O'Brien, Minneapolis, Minn., for Local 292, International Brotherhood of Electrical Workers.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

## ORDER

Appellee Local 292, International Brotherhood of Electrical Workers (I.B.E.W.) moves this court to stay the appeal of Action Electric, Inc. (Action) until the district court acts on I.B.E.W.'s motion for entry of judgment. Because we conclude that Action is attempting to appeal from a non-final judgment, we dismiss without prejudice Action's appeal and deny I.B.E.W.'s motion for stay.

On October 2, 1984 I.B.E.W. demanded that Action arbitrate a grievance under the terms of their collective bargaining agreement. Action objected, but was nonetheless represented at arbitration by its collective bargaining representative National Electrical Contractors Association (N.E.C.A.). The arbitrator found Action to be in violation of the collective bargaining agreement and directed Action to pay damages according to a prescribed formula.[1]

On April 11, 1985 Action commenced this suit to vacate the arbitrator's award. I.B.E.W. counterclaimed for enforcement. Action and I.B.E.W. both moved for summary judgment and on September 10, 1985 the district court filed a nine-page document entitled "Memorandum and Order" in which it granted I.B.E.W.'s motion and denied Action's, ordering Action to abide by the terms of the arbitrator's award. Action attempted to appeal from this order but another panel of this court dismissed the appeal because N.E.C.A. was also a party and the September 1985 order, therefore, did not adjudicate all the claims against all the parties. *See* 6 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 54.34[2.–2] (2d ed. 1987); Fed.R. Civ.P. 54(b).

Following other interlocutory activity not here and now detailed, on February 2, 1987 the arbitrator reduced his award to a dollar amount. Action and I.B.E.W. stipulated to the dismissal of N.E.C.A. and the district court ordered dismissal on February 4, 1987. A separate judgment dismissing N.E.C.A. was docketed on February 6, 1987. On March 2, 1987 Action filed a notice of appeal from "the summary judgment and order confirming the Arbitrator's award entered in this action on February 4, 1987." On March 10 I.B.E.W. moved the district court for entry of a dollar judgment on the September 10, 1985 order for summary judgment. On March 13, 1987 Action filed an amended notice of appeal specifying the order appealed from as the September 10, 1985 order for summary judgment and the February 6, 1987 judgment dismissing N.E.C.A. I.B.E.W. has moved to stay the appeal until the district court rules on I.B.E.W.'s motion for entry of judgment.

This case does not involve a request for an interlocutory appeal and our jurisdiction

---

1. The arbitrator may not have reduced damages to a dollar amount because he lacked the necessary information to arrive at a precise figure.

therefore depends upon the finality of the order or judgment appealed from. *See* 28 U.S.C. § 1291. A judgment as described in Fed.R.Civ.P. 54(a) is to be set forth on a separate document and it is not effective until so set forth and entered as provided in Rule 79(a). Fed.R.Civ.P. 58; *United States v. Indrelunas,* 411 U.S. 216, 220, 93 S.Ct. 1562, 1564, 36 L.Ed.2d 202 (1973). The provisions of Rule 58 are to "be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered." *Indrelunas,* 411 U.S. at 222, 93 S.Ct. at 1565; *see Moore v. St. Louis Music Supply Co.,* 526 F.2d 801, 802 (8th Cir.1975). Accordingly, the September 10, 1985 order granting summary judgment is not yet final. *See Moore,* 526 F.2d at 802. While the judgment dismissing N.E.C.A. seems to resolve the Fed.R. Civ.P. 54(b) problem, compliance with Rule 58 is necessary. Action on I.B.E.W.'s motion for entry of judgment, the merits of which we do not consider, may obviate the Rule 58 problem, *see Townsend v. Lucas,* 745 F.2d 933, 934 (5th Cir.1984), and Action may then take its appeal.

Lacking jurisdiction at this time for want of a final order or judgment, we dismiss Action's appeal without prejudice to the taking of an appeal upon the district court's entry of a final judgment on a separate document. I.B.E.W.'s motion for a stay is denied as moot.